ANDREW SPIVA v. ISAAC WILLIAMS.

A judgment for the plaintiff for a certain sum, "subject to an offset agreed upon by the parties aforesaid," was reversed for uncertainty.

Error from Bell. Tried below before the Hon. R. E. B. Baylor.

The defendant had pleaded a set-off of $100. The facts are stated in the Opinion.

*E. Walker*, for plaintiff in error. It is manifest that this is not an absolute judgment for $978 36; nor does it appear from the record for what sum it should be, or was intended to be. The sum of the offset allowed, should have been stated, to show the amount for which execution might issue. Without this the judgment as it stands is so vague and uncertain as to be a nullity.

ROBERTS, J. The following judgment was entered in this case: "This day came the plaintiff by his attorney, and the defendant withdrawing his plea by him pleaded, says nothing in bar or preclusion of plaintiff's action, subject to an offset agreed upon by the parties.

"It is therefore considered by the Court, that the said plaintiff have and recover of and from the said defendant, the sum of nine hundred and seventy-eight $\frac{36}{100}$ dollars, principal and interest, and ten per cent. interest on the same from the date of this judgment until paid, subject to an offset agreed upon by said parties aforesaid, and all costs in this behalf expended, for which execution may issue."

Plaintiff in error, against whom this judgment was rendered, assigned error as follows, to wit:—

"The judgment is vague and indeterminate in not defining the amount of the offset, to which the same is subject, and to the benefit of which the said Spiva is entitled."

This judgment is erroneous, because of its uncertainty, being rendered for a particular amount, "subject to an offset agreed upon by the parties."

The very object of a suit is to adjudicate and declare the respective rights of the parties, in a shape so that the ministerial officers can with certainty carry into execution the judgment of the Court, without the ascertainment and determination of additional facts. It is obvious that such is not the case here.

It is said by the Supreme Court of Tennessee, (Justice Green delivering the opinion,) that "the entry ought to have contained in itself sufficient precision and certainty to have enabled the Clerk to issue an execution by the inspection of it, without reference to other entries." (Boyken v. The State, 3 Yerger, 426; Harman v. Childress, Id. 327.)

It was objected to a judgment that "it is not for a specific sum. Nor is there anything referred to by which it would be rendered certain." (2 Howard, R. 649, Berry v. Anderson.)

A case more directly in point is to be found in Early v. Moore, (4 Mumford, R. 262,) where the entry contained a recovery of the sum of £327 4s. 4d., with interest, "subject only to a credit of one hogshead of tobacco, delivered in the year 1799." This judgment was held to be erroneous.

In this case, as well as in the case before us, there is nothing in the entry by which the amount to be collected can be rendered certain.

Judgment reversed and cause remanded.

Reversed and remanded.