GEORGE W. BARNETT AND OTHERS V. HENRY C. CARUTH AND OTHERS.

Where the judgment entirely omits the sum adjudged, and makes no reference to the verdict, it is erroneous, for uncertainty, although the entry commences by a recital of the verdict, which is for a sum certain.

Where suit was brought upon a note, and to forclose a mortgage alleged to have been given to secure the note, and the jury returned a verdict for the plaintiff, for the principal and interest of the note, without any reference to the mortgage, the matter is at least doubtful, whether or not the jury passed upon the mortgage. Therefore, it does not present such a case as this court will undertake to correct, by rendering the judgment here.

ERROR from Dallas. Tried below before the Hon. Nat. M. Burford.

Suit by defendants in error, against plaintiffs in error, upon a note, and to foreclose a mortgage given to secure the payment of the same. Plaintiffs in error waived service, and filed no answer.

The following is the entry of the proceedings had upon the trial, to wit: "Now at this time, came the parties, by their "attorneys, and announced themselves ready for a trial: "Whereupon came a jury, to wit, John Huffhines, and eleven "others, twelve good and lawful men, duly elected, empanneled "and sworn, who after hearing the evidence, the argument of "counsel, and the charge of the court, retired to consider of their "verdict, and afterwards came and returned into court the fol- "lowing verdict: We, the jury, find for the plaintiffs one "thousand two hundred and nineteen $\frac{55}{100}$ dollars, principal; and "the further sum of one hundred and seventy-seven $\frac{89}{100}$ dollars, "interest; making in the aggregate $1347 44. And it further "appearing to the satisfaction of the court, that on the 8th "day of October, 1856, said defendants made, executed and "delivered, to the plaintiffs, a mortgage upon the following de- "scribed lots, tracts or parcels of land," (here followed a description of the tracts of land, one in Dallas, and the

other in Ellis county,) "to secure the "payment of the money "and interest due on said note; it is further ordered, adjudged. "and decreed, by the court, that the plaintiffs do recover of the "defendants for their debt, damages and costs; that said mort- "gage be foreclosed; and that order of sale issue to the sheriffs "of Dallas and Ellis counties, directing them to sell the same, "if found, as under execution; and if the proceeds of such sale "be insufficient to pay the judgment and costs, it is ordered, ad- "judged and decreed, that further execution issue for such "balance."

*John W. Guess*, for plaintiffs in error.

*John J. Good*, for defendants in error.

ROBERTS, J.   The judgment is erroneous, because it is uncertain what is the amount of the recovery.   After reciting the verdict, &c., it reads, " It is ordered, adjudged and decreed, by "the court, that the plaintiffs do recover of the defendants for "their debt, damages and costs;" entirely omitting the sum adjudged, and making no reference to the verdict, by which it could be rendered certain, and thereby be complete within itself. (Spiva v. Williams, 20 Tex. Rep. 442; Roberts v. Landrun, Id. 471.)

The parties appeared and tried the case before a jury, who returned a verdict for the plaintiff, for the principal and interest of the note, without any express reference to the mortgage. This at least leaves the matter doubtful, upon the most liberal construction, whether or not the jury passed upon the mortgage which was foreclosed.   Therefore, it does not present such a case as this court will undertake to correct, by rendering the judgment here.   The judgment is reversed and remanded.

                                   Reversed and remanded.