### D. T. MᴄANALLY AND WIFE v. W. D. HAYNIE.

Decided December 8, 1897.

**1.  Judgment—What Constitutes.**

To constitute a final judgment or decree, the written entries in the minutes must show that the court has adjudicated and determined the rights of the parties, and, if it be a decree in equity, it must also command or direct what shall or shall not be done in order to carry out and effectuate the court's direction.

**2.  Same.**

Plaintiffs having sued to cancel a deed, the parties agreed upon a settlement by which the suit was to be dismissed at plaintiffs' cost and both parties were to execute deeds as provided in such agreement. A judgment dismissing the suit in accordance with this agreement and directing that "certain deeds prepared in accordance with the terms of said agreement and presented in court," be, when duly executed, delivered to the respective grantees, left the rights of the parties, except as to the costs, undisposed of. If the deeds so prepared were not in accordance with the contract for settlement and plaintiffs did not assent to such departure from the original agreement or to the decree as entered, upon failure of defendant to perform such agreement and tender of its performance by plaintiffs the court should either compel defendant to perform it, or set aside the dismissal and try the original suit.

APPEAL from Navarro.  Tried below before Hon. RUFUS HARDY.

For opinion upon the former appeal in this cause, see Haynie v. McAnally, 27 Southwestern Reporter, 431.

*Stone & Lee,* for appellants.—To be final and conclusive, a judgment must declare the respective rights of the parties in a shape so that the ministerial officers can with certainty carry it into execution without resort to extraneous matter. Spiva v. Williams, 20 Texas, 443; Eastham v. Sallis, 60 Texas, 576; Fitzgerald v. Evans, 53 Texas, 463; Hanks v. Thompson, 5 Texas, 8; O'Leary v. Durant, 70 Texas, 409; Seligson v. Collins, 64 Texas, 314; Philipowski v. Spencer, 63 Texas, 604; Willits v. Matthews, 46 Texas, 479; Ingram v. Phillips, 29 S. W. Rep., 915; Stafford v. King, 30 Texas, 276; Barnett v. Caruth, 22 Texas, 174; Freem. on Judg., 550a, 50c, 499; Heidenheimer v. Loring, 6 Texas Civ. App., 560; Reed v. West, 47 Texas, 248; Hill v. Moore, 85 Texas, 335; Hall v. Wooters, 54 Texas, 231; Barker v. Swenson, 66 Texas, 407; Cunningham v. San Saba Co., 1 Texas Civ. App., 480; Brown v. Brown, 61 Texas, 45; Fleming v. Seligson, 57 Texas, 524; McAnear v. Epperson, 54 Texas, 220; Murchison v. White, 54 Texas, 78; Best v. Nix, 6 Texas Civ. App., 349.

*Sam R. Frost* and *Harris, Etheridge & Knight*, for appellees.—Appellee respectfully submits that the trial court should have sustained appellee's exceptions and dismissed the cause, for the reason that "the judgment entered in the original cause was a final decree of a court of competent jurisdiction, and it can not in any way be reopened or disturbed after the lapse of so great a time; the parties having acquiesced in it, must take under it as it stands," and that under the pleadings no judgment other than the one rendered could have been rendered. Haynie v. McAnally, 27 S. W. Rep., 433; Harn v. Phelps, 65 Texas, 592; Weaver v. Vandervanter, 84 Texas, 693; Wood v. Lenox, 5 Texas Civ. App., 321.

KEY, ASSOCIATE JUSTICE.—In 1875 appellants brought suit in the District Court of Navarro County to cancel a certain deed made by Mrs. McAnally to appellee, W. D. Haynie, conveying to him 147½ acres of the C. C. Fisher survey of land.

On November 11, 1876, the parties to said suit entered into the following written agreement:

"*The State of Texas, County of Navarro.*—Know all men by these presents, that we, Emaline McAnally and D. T. McAnally, who are plaintiffs in cause No. 1611, now pending in the District Court of Navarro County, and W. D. Haynie, who is defendant in said cause, for the purpose of the final settlement and compromise of said suit, have this day, with a full understanding of the premises, mutually agreed and do hereby mutually agree as follows:

"The said plaintiffs on their part agree to dismiss at their own costs the said suit.

"The said plaintiffs further agree to convey, by good and sufficient warranty deed, one hundred and thirty-three and three-fourths acres of land out of the northeast portion of the C. C. Fisher 320-acre survey in Navarro County. Said tract of land is to be surveyed off as follows: To begin at a point on the northwest line of the said C. C. Fisher survey, 269 vas. north, 60 east from the actual and true northwest corner of said C. C. Fisher survey; thence to the northeast corner of said Fisher survey; thence south, 30 east with the east line of said Fisher survey to a point of said Fisher survey, extending to the same length of said northwest line of said Fisher survey, to a line drawn from the point of beginning, would include the area of 133¾ acres. And said tract of 133¾ acres is to be actually situated on the C. C. Fisher survey, not recognizing for the purpose of identification any lines or points heretofore adopted by neighbors or surveyors, but such as shall be actually found and re-established by a competent surveyor, actually operating on the ground.

"And the said W. D. Haynie agrees and binds himself, that, in order to enable the said plaintiffs to make the conveyance of the said 133¾ acres to him, he will convey to them by deed of warranty that particular tract of land described in a deed heretofore executed by the said Emaline,

dated 20th day of May, 1872, and recorded in Book V, page 220, of the records of deeds for Navarro County.

"And it is further mutually agreed that, should the lines established in surveying said 133¾ acres or the conveyance by W. D. Haynie include upon the said tract of 133¾ acres any of the plaintiff's improvements, then they have the privilege of removing the same; and said Haynie has the same privilege of removing any of his improvements which may fall upon plaintiff's land.

"Witness our hands, this the 11th of Nov., A. D. 1876.

"Witnesses:

"Sam R. Frost.              (Signed.)      D. T. McAnally.
"E. G. Sessions.                           Emaline McAnally.
"B. M. Clopton.                            W. D. Haynie."

This agreement was duly acknowledged and authenticated for record. In January, 1877, the parties employed a surveyor, who surveyed off 133¾ acres for Haynie, and furnished the parties with field notes of said survey. On March 7, 1877, Haynie's attorney prepared two deeds for the parties to sign, but in the deed so prepared conveying land from McAnally and his wife to Haynie the field notes furnished by the surveyor were not entirely adhered to, nor does the other deed describe the land conveyed as it is described in the agreement referred to.

The testimony shows without dispute that Mrs. McAnally was not present and did not agree to the change made in the field notes. McAnally testified that he was not present, and did not agree to said change. Haynie introduced testimony tending to show that McAnally was present and consented, and offered undisputed testimony showing that the attorney who instituted the original suit for the McAnallys was present and consented to said change in the field notes.

On October 29, 1878, the following judgment was rendered in said cause:

"D. T. McAnally and Wife }
  "No. 1611.   v.           }
    "W. D. Haynie.          }

"And now come the parties by attorneys and submit to the court an agreement in writing executed by the parties plaintiff and defendant, and suggest to the court that the same is a compromise of said cause, and submit said agreement as a basis for judgment in this cause, to wit:" (Here follows a literal copy of the agreement of November 11, 1876, above set out.) The judgment then proceeds: "It is further ordered by this court, that this cause be and the same is hereby dismissed at the cost of plaintiffs. It is further ordered by the court, that certain deeds prepared in accordance with the terms of said agreement and presented in court, be placed in the hands of the district clerk to be by him, when duly executed and authenticated by the several parties, delivered to the

respective grantees therein named. It is further ordered, that the officers of court have their judgment and execution for costs against the plaintiffs."

On November 29, 1878, Haynie executed and acknowledged for record the deed prepared by his attorneys from him to Mrs. McAnally. McAnally and his wife never attended court any more after the agreement to compromise had been signed, and were not present at court when said judgment was rendered. They also declined to execute the deed from them to Haynie, prepared as aforesaid, and refused to accept the deed from Haynie to them.

McAnally testified in this case that, after the agreement to compromise was made, he and his wife had no attorney representing them in said cause. Appellee offered testimony to show that the attorney who brought the original suit for the McAnallys was in court at the time the judgment was rendered.

On August 1, 1891, appellants filed a motion in the original cause, which their counsel state in their brief was a motion to set aside the judgment and require appellee to execute a deed in conformity with the agreement of November 11, 1876. Counsel for appellee say the motion was not to set aside the judgment, but to compel appellee to perform his part thereof. The motion itself is not in the record filed in this court, and therefore we can not determine this point of dispute.

This is the second appeal in the case. At the first trial judgment was rendered in favor of appellants, but the Court of Civil Appeals for the Fifth District set the judgment aside and remanded the cause for another trial. Thereafter, appellants filed what they denominate their second amended original motion. This pleading and a trial amendment thereto constitute the pleadings on behalf of appellants upon which the case was last tried. They are quite voluminous, and are in the nature of a bill in equity asking to have the former judgment or decree set aside and for judgment divesting appellee of all title to the 147½ acres of land, and for general relief. At the last trial the court below directed a verdict for Haynie, and McAnally and wife have appealed.

Appellants attack the judgment or decree referred to, and charge that in fact it does not adjudicate and determine the rights of the parties, and is neither a judgment nor a decree. They also charge that it was procured by fraud on the part of appellee, and for that reason is not binding and should be set aside.

The most important question in the case is the construction to be placed upon, and the effect to be given to the decree referred to. The Court of Civil Appeals for the Fifth District appears to have regarded it as conclusive of the rights of the parties. That court, however, decided the case upon the theory that the deeds submitted to the court at the time the decree was entered were prepared by counsel for both parties, and were consented to by the parties. The present record shows that D. T. McAnally had no interest in the subject matter of the litiga-

tion, and was merely a party to the suit pro forma; that Mrs. McAnally never consented to the deeds as prepared nor to the decree that was rendered, and whether or not she was represented in the matter by an attorney was a question upon which there was conflict in the testimony.

It is contended, however, on behalf of appellee, that the decree referred to determines the matters now in issue adversely to appellants, and is binding upon them, whether or not they agreed to the deeds as submitted to the court, and whether or not they were present or represented at the time the decree was rendered—the contention being, that as they were plaintiffs in the suit and were not prevented by appellee from attending court, it was their duty to be present when the case was called up and disposed of, and therefore the decree is binding upon them.

To constitute a final judgment or decree, the written entries in the minutes of the court must show that the court has adjudicated and determined the rights of the parties, and if it be a decree in equity it must also command or direct what shall or shall not be done in order to carry out and effectuate the court's decision. Stafford v. King, 30 Texas, 269; Fitzgerald v. Evans, 53 Texas, 462; Eastham v. Sallis, 60 Texas, 576; Barnett v. Caruth, 22 Texas, 173; Spiva v. Williams, 20 Texas, 443; 1 Black on Judgments, sec. 3.

In order to render available a plea of former judgment, the judgment pleaded must be complete in itself. In other words, it must show that all the issues have been decided, and in whose favor and against whom it was rendered; the subject matter of the litigation and the rights that are determined must be described with such precision as makes them certain and free from doubt. The judgment or decree invoked in this case starts out with a recital that the parties appeared by their attorneys and submitted to the court the agreement of compromise heretofore set out as the basis for a judgment.

We are disposed to the opinion that this agreement submitted as a basis of judgment might be considered in the nature of a pleading by one or both of the parties, setting up the agreement of compromise, and that it was sufficient to invoke the jurisdiction of the court to render a decree determining and enforcing the rights of the parties. But unless the court rendered such decree their rights remained as they were before the court took action.

Now what did the court actually do? What sentence of the law did it declare? It ordered the cause to be dismissed at the plaintiff's cost, and the decree then proceeds in these words: "It is further ordered by the court, that certain deeds prepared in accordance with the terms of said agreement and presented in court be placed in the hands of the district clerk to be by him, when duly executed and authenticated by the several parties, delivered to the respective grantees therein named. It is further ordered, that the officers of the court have their judgment and execution for costs against the plaintiffs."

Except as to the costs, what rights does this order establish, and how

does it provide for the enforcement of such rights? If it be conceded, as held by the Court of Civil Appeals for the Fifth District, that it determines the fact that two certain deeds, identified by the testimony as the deeds presented in court, had been prepared in accordance with the terms of the compromise agreement, still it is incomplete as a judgment or decree settling the rights of the parties, because it does not require the parties to execute the deeds, nor does it adjudge to the grantees therein the land severally conveyed by the deeds. At that time neither of the deeds had been signed, and the court did nothing more than determine that they were in accordance with the compromise agreement, and therefore ought to be signed by the parties, and directed the clerk, in the event the parties should sign them, to make delivery to the respective grantees therein named. This left the rights of the parties, except as to the costs of the suit, just as if they had agreed to execute the deeds as they were prepared, and thereafter one of the parties had refused further performance.

The court having found that the deeds were prepared in accordance with the agreement, such finding was an appropriate basis for a decree settling the rights of the parties. And if the court had gone further and required the parties to execute the deeds, describing them in such manner as to render their identity certain, then the decree would have been complete, and would have operated as a bar to any further proceedings; but stopping midway as it does and only adjudicating part of the rights of the parties, it is not a complete and final judgment or decree and should not be held to bar the rights now asserted by appellants.

Mrs. McAnally's plea of coverture, being sustained by the proof, is a sufficient answer to appellee's plea of limitations.

If upon another trial it is made to appear that Mrs. McAnally, either in person or by agent or attorney authorized to represent her in the premises, agreed to the settlement, which the execution and acceptance of the deeds submitted to the court would have consummated, then appellants have no grounds of complaint, and should not recover. If, however, no such agreement can be shown, then, if appellee fails to perform his part of the original agreement of compromise and appellants tender performance of their part, the court should either compel appellee to perform, or set aside the judgment of dismissal and try the original suit.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused.