HICKMAN v. SWAIN et al.    (No. 8797.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 8, 1919. Rehearing Denied March 15, 1919.)

1. DISMISSAL AND NONSUIT ⊙⟹79—ORDER OF DISMISSAL—SUFFICIENCY.

Although inference might be drawn from preliminary recitals in an order of dismissal that court intended to dismiss suit as to all parties, yet order would not effect a dismissal as to defendants whose names were omitted in decree of dismissal proper; names of other defendants being given.

2. APPEAL AND ERROR ⊙⟹376—BOND—NECESSARY PAYEES.

Where plaintiff dismissed a motion to set aside an order of dismissal, as against certain defendants who had not been served with notice, such dismissal was in legal effect a dismissal of plaintiff's original suit against such defendants, and it was not necessary to make them payees in a writ of error bond in order to have reviewed an order refusing to reinstate as to the other defendant.

**3. APPEAL AND ERROR ⊜⇒376—BOND—NECESSARY PARTIES—EFFECT OF DISMISSAL.**

Defendants, as to whom an action was not dismissed on plaintiff's default, need not be named as payees in a writ of error bond in order to have reviewed an order refusing to set aside the order of dismissal as to other defendants.

**4. APPEARANCE ⊜⇒8(3)—VOLUNTARY APPEARANCE—FILING ANSWER TO CROSS-ACTION.**

A defendant, who appeared by an attorney and filed an answer to a cross-action, thereby made an appearance for all purposes, and it was not necessary for plaintiff to serve him with citation as a predicate for a recovery against him, although petition was not served upon him.

**5. DISMISSAL AND NONSUIT ⊜⇒81(7)—ORDER—MOTION TO VACATE—TIME.**

A motion to vacate an order of dismissal for want of prosecution is in the nature of a bill in equity, and such a motion may be granted at a succeeding term of court, if plaintiff shows that he was not negligent and has a meritorious suit.

**6. DISMISSAL AND NONSUIT ⊜⇒81(1)—ORDER—SETTING ASIDE—GROUNDS.**

Where plaintiff's attorney was diligent in preparation of his case for trial and had a meritorious cause of action, but did not appear when case was called because mistaken as to time when term of court convened, trial court erred in refusing to set aside an order of dismissal, in absence of a finding that attorney was negligent in mistaking time of convening of court. ·

Error from District Court, Knox County; J. H. Milam, Judge.

Suit by C. W. Hickman against M. F. Swain and others. There was an order overruling a motion to set aside an order of dismissal, and plaintiff brings error. Reversed and remanded.

Wm. J. Berne, of Ft. Worth, for plaintiff in error.

Brookreson & Howell and James A. Stephens, all of Benjamin, for defendants in error.

DUNKLIN, J. This suit was instituted by C. W. Hickman on a promissory note executed by M. F. Swain, G. P. Gibner, C. C. Tucker, A. L. Lea, J. W. Smith, G. D. McCarty, R. E. Butler, and W. B. Williams. The note was given in part consideration for a German coach stallion purchased from Crouch & Son, horse dealers doing business in La Fayette, Ind., and the vendors were made payees in the note. In his petition, Hickman alleged that he had acquired the note by purchase from those parties before its maturity for a valuable consideration and without notice of any defense thereto. The suit was instituted originally in Tarrant county, but the venue was changed to Knox county in compliance with the decision of our Supreme Court on a former appeal which involved the issue of venue only. See Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. On August 2, 1915, after the decision of the Supreme Court on the former appeal, the papers in the case were filed in the district court of Knox county, to which court the venue had been changed. The suit was originally filed March 22, 1911, and on May 22, 1911, all of the defendants except J. A. Wood filed their answers to the merits of the case, in which they pleaded specially that they had been induced to purchase the horse by fraudulent misrepresentations made to them by the defendant J. A. Wood, who acted in collusion with and as agent for the vendors in a design to swindle and cheat the buyers. The misrepresentations so made by the said Wood consisted of statements of certain qualities of the horse which were material inducements to the buyers to make the purchase. Such alleged fraudulent misrepresentations were pleaded in bar of plaintiff's suit and also as a basis for a cross-action contained in the answer for damages to be recovered against Crouch & Son and J. A. Wood. But no citation on such cross-action was ever served upon Crouch & Son, nor upon Wood, although Wood filed an answer to the cross-action on August 16, 1915, after the transfer of the cause to Knox county.

The district court of Knox county holds two terms of court each year, one beginning in February and one in August. The suit was continued at the August term, 1915, and also at the February term, 1916; the first continuance being charged to the defendants other than the defendant Wood and the second to plaintiff. At the August term, 1916, the following order was made in the case by the district court of Knox county:

"On this the 14th day of August, A. D. 1916, the above cause being regularly called in its order for trial, the defendants appeared by their respective attorneys, and the defendant Jno. Wood by his attorney demanded a trial upon the cross-action filed herein by the other defendants, the other defendants announced ready for trial upon the cause, but suggested to the court that, in the absence of the plaintiff, their cause was a conditional cross-action, asking for judgment over against the said Jno. Wood only in the event the plaintiff recovered judgment against them, and that, unless plaintiff prosecuted his cause against them, they could not urge their cross-action, and, upon suggestion of counsel, the court is of the opinion that said cause should be dismissed for want of prosecution.

"It is therefore considered, adjudged, and decreed by the court that this cause be and the same is hereby dismissed, both as to plaintiff C. W. Hickman's suit against the defendants M. F. Swain, G. P. Gibner, C. C. Tucker, A. L. Lea, J. W. Smith, G. D. McCarty, R. E. Butler,

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and W. B. Williams, and as to said defendants' cross-action against Jno. Wood, and that the defendants do have and recover of and from the plaintiff C. W. Hickman all costs in this behalf incurred, for which let execution issue.

"It is further considered, adjudged, and decreed by the court that the officers of this court do have and recover of and from both the plaintiff and defendants all costs by them respectfully incurred herein, for which they may have their execution."

After the adjournment of the term during which said order of court was entered, plaintiff filed his motion asking that the order of dismissal be set aside and vacated, and that the cause be tried upon its merits. The defendants Swain, Smith, and Lea filed a reply to that motion, in which they denied the grounds alleged as a basis therefor and prayed that it be overruled, and the same was overruled on March 19, 1917. From that order plaintiff has prosecuted this writ of error.

The order last mentioned contains recitals of the appearances of the defendants Swain, Smith, Lea and Woods, all of whom announced ready to be heard on the motion. Prior to the hearing of said motion, the court, at the instance of the plaintiff, dismissed plaintiff's motion for reinstatement of the case as to the defendants Gibner, Tucker, Butler, and Williams for want of service on them of notice of the motion.

[1] The writ of error bond filed by the plaintiff was made payable to all of the defendants except the defendant Farmer and those as to whom the motion to reinstate the case was dismissed by plaintiff in the trial court, namely, Gibner, Williams, Tucker, and Butler; and appellees Swain, Lea, and Smith, who are the only defendants that have filed briefs in this court, have filed a motion to dismiss the writ of error on the ground that Farmer was not made a beneficiary in the writ of error bond and was not served with citation on the application for the writ of error, it being alleged that Farmer was a material and necessary party to the suit whose rights would be materially affected by the disposition of the suit on its merits. One of the contentions advanced by appellant in reply to that motion is that the order of dismissal, entered at the August term, 1916, did not have the effect to dispose of the case as to Farmer, since, although the inference might be drawn from preliminary recitals in the order that the court intended to dismiss as to all parties, yet, in the decree of dismissal proper, the name of the defendant Farmer was omitted, while the names of other defendants were given. We sustain this contention. In Fitzgerald v. Evans, 53 Tex. 461, it is said that a final judgment should contain:

"(1) The facts judicially ascertained, with the manner of ascertaining them entered of record. (2) The recorded declaration of the court,

pronouncing the legal consequences of the facts thus judicially ascertained."

In Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39, our Supreme Court construed the legal effect of an order of the court reading as follows: "Exceptions of defendants to plaintiff's petition sustained. Plaintiff excepts"—and used the following language:

"The entry made was nothing more than the recorded expression of the ruling of the court sustaining the exceptions. If the dismissal of the case should have logically followed from the ruling made, it was nevertheless essential to the finality of the action of the court that it should have declared such consequence by the judgment pronounced. It is not sufficient to constitute a final judgment that the court make a ruling which should logically lead to a final disposition of the cause, but the consequence of the ruling to the parties must be also declared."

[2, 3] To the same effect, see Eastham v. Sallis, 60 Tex. 576; McAnally v. Haynie, 17 Tex. Civ. App. 521, 42 S. W. 1049; Wilson v. Sparks, 9 Tex. 621; Benge v. Sledge, 62 Tex. Civ. App. 301, 132 S. W. 873. And as the dismissal of the motion to reinstate as against Gibner, Tucker, Butler, and Williams was in legal effect a dismissal of plaintiff's original suit against them, it was not necessary to make them payees in the writ of error bond. Finley v. Jackson, 43 S. W. 41.

Accordingly, the motion to dismiss the writ of error is overruled.

It follows from the conclusion just stated that the order entered at the August term, dismissing as to certain of the defendants, was not a dismissal as to the defendant Farmer, but was interlocutory only as to him. We conclude further that it was not a dismissal of the plaintiff's cause of action as against Wood, since it does not purport to so declare. It does specifically decree a dismissal of the cross-action against Wood filed by the other defendants.

[4] It appears that no citation upon plaintiff's petition was ever served upon defendant Wood requiring him to answer plaintiff's suit, but, as noted already, he appeared by an attorney and filed an answer to the cross-action. That constituted an appearance for all purposes, and it was not necessary for plaintiff to serve with citation as a predicate for a recovery against him. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; A., T. & S. F. Ry. Co. v. Stevens (Sup.) 206 S. W. 921.

The only question then remaining is whether or not the court erred in refusing to vacate the order of dismissal as to defendants other than Farmer and Wood. The trial judge filed the following findings of fact and conclusions of law upon which he predicated his judgment refusing to reinstate the suit:

"The court finds that this case was filed in the district court of Knox county on the 2d day of August, A. D. 1915. At the first term

of said court after said suit was filed, this cause was continued on application of defendants, same being August term, A. D. 1915. At the next term of court, February term, A. D. 1916, this cause was continued on the application of plaintiff. At the following term, which convened on August 14, 1916, when this cause was called for trial, the plaintiff failed to appear either in person or by attorney, and all of the defendants appeared by attorney, and demanded trial, whereupon the court dismissed said cause for want of prosecution. During the pendency of this suit in Knox county, there had been a number of communications between the attorney for defendants and attorney for plaintiff, in which communication the attorney for plaintiff had been informed by attorney for defendant that the Knox county terms of district court convened in February and August, and that the attorney for plaintiff had personal knowledge of the terms of court of Knox county. And at the August term, 1916, of court, the attorney for plaintiff overlooked the time when the court would convene, and thought at that time that the court convened in September instead of August.

"The court further finds that the judgment dismissing this cause at the August term, 1916, was intended to be a dismissal as to all the parties defendants, and a final judgment disposing of this matter.

"The court further finds the plaintiff made no motion to reinstate this cause at the term of court that it was dismissed, and the present term of court is the next succeeding term after this cause was dismissed.

### "Conclusions of Law.

"I find as a matter of law that the defendants M. F. Swain, J. W. Smith, and A. L. Lea had been finally dismissed from this cause, also J. A. Wood had been finally dismissed from this cause, and the court had lost jurisdiction as to them.

"I further find as a matter of law that the judgment of dismissal was a final judgment as to all the parties as to this suit."

The statement of facts contains a letter written by plaintiff's attorney to the attorney representing some of the defendants dated in August, 1915, showing that the writer then knew that the district court of Knox county held a term of court beginning in August of that year. From other correspondence between the attorney for the plaintiff and the attorney for some of the defendants, it conclusively appears that plaintiff's attorney also knew that a term of the court convened in February, 1916. But upon the hearing of the motion to vacate the order of dismissal, the affidavit of the attorney for the plaintiff was introduced in evidence, and contained the following, the truth of which was not controverted by any attorney:

"Early in July, 1916, affiant, the aforesaid Berne, examined the statutes of this state to determine on what day the then approaching term of this court convened, and, after examining the same prescribing the terms of this court, said Berne calculated that this court would convene about the middle of September, 1916. And said Berne remained under that belief until the middle of September, as hereinafter set out. The statutes of this state prescribe that the summer term, 1916, of this court, should begin on the sixth Monday after the first Monday in July, which day of convening fell on August 14, 1916, instead of the middle of September, as calculated and believed by affiant, as aforesaid.

"Affiant is unable to determine how he made the mistake in aforesaid calculation, but is under the impression that it arose from his calculating the sixth Monday after the first Monday in August, instead of figuring after the first Monday in July as prescribed by the statute."

The proof further showed without controversy that, up to the date of the order of dismissal, plaintiff's attorney had exercised proper diligence in preparation for the trial of the cause, and that he was ready and willing to try it at the August term, 1915, and also at the August term, 1916, and that but for the mistake made by him, indicated by the quotation just made from his affidavit, he would have been present for trial and would then have duly tried the same.

The motion for reinstatement was replete with allegations showing that plaintiff had a meritorious suit against all of the defendants, and upon the hearing of the motion to reinstate the case those allegations were supported by proof.

[5] The motion to vacate the order of dismissal is in the nature of a bill in equity, and as said by our Supreme Court in the case of Brownson v. Reynolds, 77 Tex. 256, 13 S. W. 986, which was likewise a suit to set aside a judgment rendered at a former term of court:

"It is also a fixed rule that a court of equity will not interfere to set aside a judgment and grant a new trial except upon a showing of strict diligence in the presentation of the cause, and upon proof that after doing all that such diligence required to be done he had been deprived by fraud, accident, mistake, or other uncontrollable circumstance of the opportunity of properly presenting his case upon the trial."

And in the course of the same opinion the court quoted with approval the following from Vardeman v. Edwards, 21 Tex. 737:

"In general, where it would have been proper for a court of law to have granted a new trial, if the application had been made while the court had the power to do so, the court of chancery will afford its aid and grant it, if the application be made upon grounds arising after the court of law ceased to have power to act. * * * And, in general, the court will be governed by the same principles in passing upon the merits of the application by which the court of law would have been governed."

However, the findings of fact by the trial judge contains no finding that plaintiff's attorney was guilty of negligence in failing to appear in court when the case was called for trial. The findings contain the statement

that such failure was due to the fact that the attorney overlooked the time when the court would convene and was under the impression that the term convened in September instead of August. And the court's conclusions of law indicate that this action in overruling the plaintiff's application was predicated upon the conclusion reached that the judgment of dismissal was final as to all parties to the suit, and therefore the court had lost jurisdiction over the defendants.

[6] In the absence of any finding by the trial judge that the mistake made by plaintiff's counsel in believing that the regular term of court convened in September, rather than in August, 1916, was due to his negligence, and in view of the uncontradicted proof offered explaining how the mistake occurred, and the further proof of diligence on his part in the preparation of his case for trial, and of a meritorious cause of action, we are of the opinion that the trial court erred in his refusal to set aside and vacate the order of dismissal theretofore entered. Springer v. Gillispie, 56 S. W. 369; Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; Scottish Union Ins. Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109; Sedberry v. Jones, 42 Tex. 10; H. & T. C. Ry. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808; Dowell v. Winters, 20 Tex. 793; 23 Cyc. 938; Farmers' Mutual Fire Ins. Co. v. Reynolds, 52 Vt. 405; County of Buena Vista v. Ry. Co., 49 Iowa, 657; Soper v. Manning, 158 Mass. 381, 33 N. E. 516; Freeman on Judgments (4th Ed.) 167; Allen v. Smith, 20 Johns. (N. Y.) 477; Barto v. Sioux City Electric Co., 119 Iowa, 179, 93 N. W. 268; Hall v. McCan, 62 Or. 556, 126 Pac. 5; Hanthorn v. Oliver, 32 Or. 57, 51 Pac. 440, 67 Am. St. Rep. 518.

The Texas cases cited above were not suits to vacate judgments rendered at former terms of court, as were many of those cited from other jurisdictions, but involved the merits of motions for new trials made at the terms of court during which the judgments appealed from were rendered, and in those cases the judgments were reversed because the failure to appear at the trial was due to mistakes of counsel or litigants not amounting to a failure to exercise diligence to appear when the cases were called for trial.

But in the case of Vardeman v. Edwards, 21 Tex. 739, which, like the present case, was a suit to set aside a judgment rendered at a former term of court, the following rule was announced by Justice Wheeler:

"The principles which govern the granting of new trials, upon application by petition after the term, are the same in our practice as those which govern similar applications made during the term. We have no bills of review, strictly and technically speaking (Mussina v. Moore, 13 Tex. 7, 8); nor original bills in chancery, for the granting of new trials at law; for having no court of chancery, as distinct from a court of law, we have no occasion to resort to the modes of proceeding, or adopt the practice of the court of chancery. The application, whether made before or after the term, is addressed to the same court, having cognizance of both legal and equitable causes; and there can be no reason why it should not be governed by precisely the same principles' in the one case as the other; only with this qualification, that as the rule of law requires that the application be made during the term at which the verdict is rendered, if this be not done, the party must show an equitable excuse to entitle him to a hearing of his application after the term."

And the announcement of that rule was quoted with approval in Bryorly v. Clark, 48 Tex. 345.

For the reasons indicated, the judgment of the court denying plaintiff's motion to set aside the order of dismissal is reversed, and the cause is remanded, with instructions to the trial court to vacate said order of dismissal and to reinstate the case on the docket for trial as to all the parties except defendants Gibner, Tucker, Butler, and Williams, as to whom plaintiff's suit has been dismissed, as shown above.