The motion for rehearing is granted, the judgment of affirmance set aside, and the case is reversed and remanded.

---

LAWERENCE v. STATE. (No. 5691.)

(Court of Criminal Appeals of Texas. March 3, 1920.)

1. CRIMINAL LAW ⟨key⟩369(8) — EVIDENCE OF MORE THAN ONE ACT OF INTERCOURSE HELD INADMISSIBLE.

In a prosecution for incest, where defendant offered no evidence, etc., controverting the prosecutrix's testimony as to one act of intercourse, evidence of other acts was inadmissible.

2. CRIMINAL LAW ⟨key⟩507(7) — PROSECUTRIX DEEMED ACCOMPLICE IF INCESTUOUS ACT OCCURRED WITH CONSENT.

Testimony by prosecutrix that she was opposed to the first act of intercourse would not exempt her from the rule of accomplice testimony, but this rule would operate if from the whole evidence it appeared that the act could not have occurred without her consent, and the denial of a charge so stating was error.

Appeal from District Court, Montgomery County; D. F. Singleton, Judge.

George Lawerence was convicted of incest, and he appeals. Reversed.

McCall & Crawford, of Conroe, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The appellant was convicted of incest. The prosecutrix is his stepdaughter, Lucile Carter, a girl 15 years of age, according to the evidence. The parties are negroes. The date of the offense is laid August 6, 1918, and the prosecutrix testified that about that date appellant had intercourse with her. They were together in a wagon. She said that he told her to get straddle of a board. She told him she didn't want to, and he hit her on the side of the head with his hand, and pulled her up between his legs and had intercourse with her. She testified also that on another occasion, two weeks later, they were in the field together, and he just threw her down, pulled up her dress, and had intercourse with her. A baby was born on the last day of the year 1918. The one witness testifying about the birth of the child was an old negro woman who claimed to have had experience in such matters. She expressed the opinion that it was a six-months child. She said it was well developed, parts regular —face, eyes, nose, eyelashes, toenails, and finger nails—nothing wrong except that it was bloody on the top of the hand; said the finger nails were grown out, but not grown out right.

[1] The appellant introduced no evidence, and developed no facts controverting the testimony of the prosecutrix as to the act of intercourse. We discern no valid reason for introducing evidence of more than one act of intercourse. This was done over the objection of appellant, and we think was error. It served to establish no controverted issue. Brawshaw v. State, 198 S. W. 942.

[2] The prosecutrix lived with her mother, and the record fails to disclose that she made any complaint or outcry at any time. The trial judge submitted to the jury the question as to whether her evidence was to be governed by the rule of accomplice testimony. The appellant requested a more specific charge. We think this request should have been granted, and the jury instructed in such manner that they would understand that the testimony of the prosecutrix, indicating that she was opposed to the first act of intercourse would not exempt her evidence from the rule of accomplice testimony, but that this rule would operate if from the whole evidence it appeared that the act of intercourse could not have occurred without her consent. See Wingo v. State, 210 S. W. 548, and cases therein referred to.

The errors pointed out require a reversal of the judgment, which is ordered.