### PETERS et al. v. McENTIRE et al.

### No. 12128.

Court of Civil Appeals of Texas. Fort Worth.
Oct. 17, 1931.

Levy & Evans, of Fort Worth, for plaintiffs in error.

Jesse M. Brown and Paddock, Massingill & Belew, all of Fort Worth, for defendants in error.

DUNKLIN, J.

This is a garnishment proceeding instituted by E. C. McEntire against the First National Bank of Fort Worth to impound funds held by the garnishee owing to C. C. Peters. The application for the writ was based upon a judgment rendered in the same court some two years prior to the date the writ was sued out in favor of E. C. McEntire against C. C. Peters, and in the affidavit for garnishment it was alleged that the amount of that judgment was $2,500, with interest from its date at the rate of 6 per cent. per annum, and that nothing had been paid or collected thereon.

The garnishee filed an answer to the writ, in which it was alleged that it had on hand at the time the writ was served the sum of $1,091.46 belonging to Peters. After the service of the writ, Peters replevied that fund by giving a bond in the sum of $5,600 with S. N. Brookshire and J. D. Hollingsworth as sureties, payable to plaintiff, and conditioned for the payment of any judgment that might be rendered in favor of the plaintiff against the garnishee. The bank then turned over to Peters the funds so held by it. Defendants' right to replevy the funds was given by article 4084, Rev. Civil Statutes of 1925.

Upon the trial of the case, judgment was rendered in favor of plaintiff against the garnishee for the sum of $1,091.46, which was the amount admitted to be due in answer to the writ, together with costs of suit. Judgment was further rendered in favor of plaintiff against C. C. Peters and S. N. Brookshire and J. D. Hollingsworth, sureties on the replevy bond, for the same amount as that rendered against the garnishee, with the further provision that the payment of that judgment would operate as a satisfaction of the judgment against the garnishee, and the further provision that in no event would execution issue against the garnishee.

C. C. Peters, S. N. Brookshire, and J. D. Hollingsworth have prosecuted this writ of error from that judgment and have filed briefs in this court, but no briefs have been filed by the appellee, plaintiff in the court below.

The principal contention made by plaintiffs in error is that the former judgment in plaintiffs' favor against C. C. Peters, upon which the garnishment proceeding was based, did not show the amount for which a personal judgment was rendered against Peters in that case with sufficient definiteness to warrant the issuance of the writ. And we have reached the conclusion that that assignment must be sustained. The former judgment was quite lengthy, and the personal judgment rendered against Peters and the findings upon which it was based were very much involved, indefinite, and to some extent conflicting. It would unduly extend this opinion to set out those provisions in full; it being sufficient to refer to those only which embody the final decree against Peters. It appears from a copy of that judgment shown in the statement of facts that two suits were consolidated and tried as one. One of the suits was by A. Fred against C. C. Peters to recover upon a promissory note with foreclosure of a mortgage lien upon certain personal property, and the other suit was by E. C. McEntire against C. C. Peters, A. Fred, Alex Wolf, Jacob Klar, and H. H. Miller, doing business under the trade-name of Wolf & Klar, seeking recovery upon a promissory note executed by C. C. Peters, and to foreclose a lien upon certain property to secure the same, on some of which A. Fred also claimed a lien; also for title to certain other property. The judgment showed a recovery against Peters in favor of A. Fred on the cause of action asserted by the latter for the sum of $3,300, and also for foreclosure of a lien upon two lavaliers, with the provision that any excess realized from such foreclosure sale be paid over to plaintiff E. C. McEntire; but if such proceeds were insufficient to satisfy Fred's judgment, then execution should issue in his favor against C. C. Peters for the balance. The judgment further recites that the defendant Peters owed J. W. Mitchell (who was not a party to the suit) the sum of $8,266.67, secured by a second lien on a certain lot situated in Fort Worth, title to which was awarded to the plaintiff E. C. McEntire. The judgment then contains these provisions:

"And for the purpose of limiting the liability of the defendant C. C. Peters to the plaintiff on the amount due J. W. Mitchell, it is agreed in open court that the balance of the equity securing the amount due J. W. Mitchell and the amount necessary to redeem said property from said lien is the sum of $2500.00 for which amount judgment shall be rendered in favor of the plaintiff and against the defendant C. C. Peters, with a provision of the right of redemption and in which event the plaintiff shall have execution and a foreclosure of her lien on the above described property to the extent of the amount necessary or that she may be compelled to pay to satisfy said lien, and according to said agreement the plaintiff is entitled to a judgment against the defendant C. C. Peters for the amount of the judgment against him in favor of A. Fred and the agreed sum of $2500.00 or such amount as may be necessary or that she may be compelled to pay to satisfy said liens in favor of A. Fred and J. W. Mitchell, and that she had a valid, subsisting and unsatisfied lien against the following described property situated in Tarrant County, Texas: * * *

"It is further ordered, adjudged and decreed by the court that the plaintiff, E. C. McEntire do have and recover over, against and from the defendant C. C. Peters a like sum and amount as in the judgment in favor of A. Fred against C. C. Peters, or the sum and amount which may be necessary or that she may be compelled to pay to satisfy said judgment and redeem her property from the lien securing the same, and that she also have and recover judgment against the defendant C. C. Peters, for the sum of $2,500.00, or the sum and amount necessary to redeem her property from the said lien held by J. W. Mitchell together with all costs of suit in this behalf expended, for all of which execution shall issue."

Other recitals in the judgment were equally as vague and indefinite as those just copied.

Many authorities might be cited sustaining our conclusion that that judgment against Peters in favor of E. C. McEntire was entirely too indefinite to support the garnishment suit, such as Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563; Spiva v. Williams, 20 Tex. 442; Barnett v. Caruth, 22 Tex. 173, 73 Am. Dec. 255; Brown v. Horless, 22 Tex. 646; Southern Oil Co. v. Wilson, 22 Tex. Civ. App. 534, 56 S. W. 429; Bludworth v. Poole, 21 Tex. Civ. App. 551, 53 S. W. 717, 719; Giles v. Union Land Co. (Tex. Civ. App.) 196 S. W. 312; Hendryx v. Moody Cotton Co. (Tex. Civ. App.) 257 S. W. 305; 1 Freeman on Judgments, § 84; 15 R. C. L. p. 593, § 30; 33 C. J. p. 120, § 133.

Nor will the fact that the judgment in this case recites that the former judgment recovered by E. C. McEntire against C. C. Peters was for the sum of $2,770.84 obviate the requirement that that judgment should be in a definite sum in order to support the garnishment writ.

In view of the foregoing conclusions, which will result in a reversal of the judgment, we shall not undertake to discuss other assignments of error appearing in the record.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered that defendant in error, plaintiff in the court below, take nothing of plaintiffs in error by reason of said garnishment proceedings.

BUCK, J., not sitting.