**SWENSON v. DUDLEY.    (No. 2003.)**

Court of Civil Appeals of Texas. El Paso.
March 24, 1927.

Usury ⊝27—Note of $100 in consideration of six months' extension of installments of $125 delinquent on secured debt held usurious (Rev. St. 1911, arts. 4973–4980).

Note of $100, given in consideration of forbearance of foreclosure of lien on real estate and extension for six months of indebtedness of $125 then due for unpaid installments of another debt of $600 or $700, *held* usurious under Rev. St. 1911, arts. 4973–4980, providing that written contracts stipulating for greater rate of interest than 10 per cent. shall be void as to interest.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Action by A. C. Dudley against L. O. Swenson. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered.

J. N. Townsend, of Dallas, for appellant.
Wilson & Biggers, of Dallas, for appellee.

HIGGINS, J. Dudley sued Swenson upon the latter's note for $100, dated February 18, 1925, payable three months after its date, and to foreclose chattel mortgage securing same. Upon certiorari the case was removed to the county court at law, where judgment was rendered for principal, interest, and attorney's fees and foreclosure of mortgage. The defendant pleaded that the note sued upon was usurious and without consideration. The facts are undisputed.

Dudley held Swenson's note, payable in monthly installments of $25, secured by lien upon the latter's home. Payments had been made reducing the principal to $600 or $700. Swenson was in default upon five installments. Dudley was threatening to foreclose. In consideration of the note and mortgage sued upon Dudley agreed to forbear immediate foreclosure and to extend for six months the five installments then in arrears. The record does not disclose the rate of interest borne by the note secured by the lien upon appellant's homestead, but, what-

ever the rate may have been, the note here sued upon was usurious. If it bore no interest the amount of the present note would still be usurious. Articles 4973 to 4980, R. S. 1911; Barnes v. Pilgrim, 24 Tex. 385; 39 Cyc. 941.

In support of the judgment appellee urges that the note was supported by a valuable consideration in that it was executed in consideration of appellee's forbearance to foreclose. The fact that a usurious contract is supported by a valuable consideration does not cure its usurious taint nor relieve it of the penalty attaching to such contracts.

Reversed and rendered.