**DALLAS DEVELOPMENT CO. v. REAGAN.**

No. 10496.

Court of Civil Appeals of Texas. Dallas.
Feb. 27, 1930.

W. R. Herring, of Dallas, for appellant.
S. P. Sadler, of Dallas, for appellee.

LOONEY; J.

T. W. Reagan brought suit against Dallas Development Company, a corporation, to recover $1,196.26, balance due on a promissory note originally for $2,020, and to foreclose the lien of a chattel mortgage on certain office furniture that belonged to the company. Contemporaneously with the filing of suit, Reagan caused a writ of sequestration to be issued, under which the property covered by the chattel mortgage was seized, which was later replevied by the company. Citation was served July 10, 1926, but no answer was filed prior to return day, or thereafter, and on October 23, 1926, judgment by default was taken by plaintiff for the amount of the debt, interest, and attorney fees, with foreclosure of the mortgage lien on the chattels and against the sureties on the replevy bond. No execution was issued on the judgment until on April 29, 1927. Immediately on being presented with the execution, defendant in execution, plaintiff here, filed this suit in the nature of a bill of review. Plaintiff alleged that it had meritorious defenses to the original action, as follows: (1) That the subject-matter of the suit was involved in a prior suit pending in a district court of Dallas county, and, further, that the note sued upon was usurious, in that it contemplated payment of 74 per cent. interest on the principal. Plaintiff further alleged that, within 24 hours after being served with citation in the original suit, it employed attorneys to replevy the property seized, to file an answer setting up its defenses, and generally to defend the suit. That its attorneys caused the property to be replevied on July 12, 1926, and at that time assured plaintiff that they would file an answer, and afterwards, on July 12, 1926 (before return day), assured plaintiff that they had filed such answer. That plaintiff did not know the case would be called for hearing on October 23, 1926, nor that judgment had been rendered until more than six months thereafter; that plaintiff believed the suit had been answered, and hence that no default judgment could be taken, and further that its attorneys mistakenly believed they had in fact filed an answer. That defendant and his counsel were acquainted with plaintiff's attorneys and knew their failure to file an answer was due to an oversight, but notwithstanding this situation they took judgment by default without making any effort to notify either plaintiff or its counsel of their intention so to do, although this could have been done with-

in a few minutes by message or telephone. That neither defendant nor his counsel advised plaintiff or its counsel of the fact that judgment had been rendered, and withheld the issuance of execution for more than six months afterwards for the avowed purpose of cutting plaintiff off from the opportunity of moving for a new trial, or of perfecting appeal by writ of error. Plaintiff prayed that the judgment be set aside, and that pending suit its enforcement be enjoined. Injunction was issued, but on trial a general demurrer being sustained to plaintiff's petition, the injunction was dissolved and the suit dismissed, from which plaintiff has appealed, and by appropriate assignment and proposition presents for review the judgment of the trial court.

In Eddleman v. McGlathery, 74 Tex. 280; 11 S. W. 1100, Judge Gaines for our Supreme Court announced the following rule as a guide in the trial of bill of review cases, to wit: "Where a party has been prevented by fraud, acccident, or mistake from prosecuting his suit or making his defense, and an opportunity has not been offered him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation upon its merits. But in every such case the new suit has all the incidents of an original action, and, upon every issue involved, either party is entitled to a regular trial before a jury upon testimony offered in the manner usual upon the hearing of causes upon their merits." Also see Harn v. Phelps, 65 Tex. 592, 597.

Ordinarily, a litigant must know what transpires during the progress of his lawsuit, and it is his duty to take steps during the term of court to set aside any unsatisfactory order or judgment. However that may be, we believe the allegations of plaintiff's bill, with reasonable intendments, stated a cause of action good as against the general demurrer.

Plaintiff unquestionably set up meritorious defenses. It was alleged that at the time the suit was instituted there was pending another action in a court of concurrent jurisdiction that involved the same cause of action. Clearly this was a ground for abatement. Long v. Long (Tex. Civ. App.) 269 S. W. 207, and authorities cited. It was further alleged that the contract sued upon was usurious. This constituted a meritorious defense, pro tanto at least. R. S. 1925, arts. 5069, 5071; Shear Co. v. Hall (Tex. Com. App.) 235 S. W. 195; Swenson v. Dudley (Tex. Civ. App.) 293 S. W. 312; Yonack v. Emery (Tex. Civ. App.) 4 S.W.(2d) 293.

It was further shown that, after being served with citation plaintiff promptly employed counsel to defend the suit, replevied the property seized under the writ of sequestration, and later, before return day, inquired

of its counsel if an answer setting up its defenses had been filed, and was assured by them that this had been attended to. It further appeared that the failure of plaintiff's counsel to file answer was due to their mistake; that is to say, they were resting under the mistaken belief that they had answered. That defendant and his counsel, knowing such fact, took judgment by default and purposely failed to bring notice to plaintiff or his counsel of the rendition of judgment for more than six months thereafter, with the view of depriving plaintiff of an opportunity to move for a new trial during the term, or of perfecting appeal by writ of error. Plaintiff's allegation to the effect that defendant and his counsel took the default judgment, "without making any effort to notify" plaintiff or its counsel of the situation, knowing the failure of its counsel to file an answer was merely an oversight on their part, clearly implied that, under the circumstances, there rested on defendant and his counsel the duty to notify plaintiff or his counsel of the situation before taking the judgment.

No case has been found that can be considered a controlling precedent, as each presents features differing somewhat from all others, yet we are of opinion that neither of the cases cited below, where new trials were granted, presented stronger grounds for equitable relief than are presented in the bill under consideration. See Hickman v. Swain (Tex. Civ. App.) 210 S. W. 548; Osborn v. Younger (Tex. Com. App.) 235 S. W. 558; Crowdus Drug Co. v. Turner (Tex. Civ. App.) 270 S. W. 1041; Smith v. Kraft (Tex. Civ. App.) 9 S.W. (2d) 472.

Believing the court erred in sustaining the general demurrer and in dismissing plaintiff's bill, its judgment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.