# DECEMBER, 1930

W. C. Wear v. Claude M. McCallum, District Judge, et al.

No. 4894.  Decided December 20, 1930.

(33 S. W., 2d Series, 723.)

*Smithdeal, Shook, Spence & Bowyer,* for relator.

While the trial court stated that he considered the defendant's pleading as a bill of review, he in fact sustained it as a motion for new trial, because he only entered an interlocutory order setting the judgment aside, and did not hear the case on its merits and render a final judgment.  From this order the Relator has no appeal. Stewart v. Jones, 9 Texas, 469; Lynn v. Hanna, 296 S. W., 280.

Relator respectfully submits that this case is controlled by the case of Pierce v. Watkins, 263 S. W., 905, and that the writ of mandamus should be granted on the basis of that authority.

*William H. Flippen* and *John W. Miller,* for respondents.

Respondents wish to emphasize the fact that said judgment by default was set aside during the same term of court in which said judgment was rendered. The authorities in this state are clear to the effect that the trial court has the power, whether or not good or adequate cause therefor is shown, to set aside a default judgment, or grant a new trial during the term at which the judgment is rendered. The discretion lodged in the trial court in this regard is not subject to review. El Paso & S. W. R. Co. v. Kelley, 99 Texas, 87, 87 S. W., 660; Cohen v. Moore, 101 Texas, 45, 104 S. W., 1053; Goss v. McClaren, 17 Texas, 107, 67 Am. Dec., 646; Sweeney v. Jarvis, 6 Texas, 36; Lawther Grain Co. v. Winniford, Texas Commission of Appeals, 249 S. W., 195; Landers v. City of Austin, 278 S. W., 466.

The above rule of law is recognized by the Supreme Court. Townes v. Lattimore, 272 S. W., 435; Nevitt v. Wilson, Judge, 285 S. W., 1079.

Respondents believe that a case transferred from one county to another upon a plea of privilege becomes an appearance case, answerable in the court to which the case is transferred at the next term of said court succeeding the filing of the transcript and the court papers therein. Inasmuch as the cause in question was transferred to the Court in question at the May term of court, towit, on the 9th day of May, 1927, and judgment was taken only seven days later, towit the 16th day of May, 1927, which was long prior to the next term of court succeeding the filing of said transcript and court papers, the judgment in question was prematurely rendered and, as a matter of fact the court was vested with the inherent power of setting aside the judgment of its own volition.

Respondent Claude M. McCallum was vested with the discretion and inherent power to set aside said judgment by default, regardless of the grounds set up in the motion for new trial or Bill of Review, and regardless of the statutes which have been passed in recent years regulating the filing of motions, etc., in Courts of Dallas County, Texas.

The case, after having been transferred from Hill County to Dallas, Texas, became an appearance case answerable at the term of Court next succeeding the filing of the transcript and court papers in Dallas County, Texas, and the jurisdiction of the Dallas Court was governed accordingly,—that is, the Dallas Court did not have

jurisdiction over the defendant so as to render a valid judgment by default against defendant until after appearance day, and then only in the event defendant made no appearance.

In conclusion, Respondents respectfully suggest that the general rule has always been that the power to set aside at the same term at which they are rendered its judgments and orders is one inherent in every court of general jurisdiction, and is not taken away by statutory provisions which regulate the subject of new trials. The rule is based upon the proposition that the trial court has jurisdiction of all cases decided by it during its entire term.

MR. JUSTICE PIERSON delivered the opinion of the court.

On March 22, 1927, relator, W. C. Wear, filed suit in the District Court of Hill County against respondent G. W. Lyles, upon a certain promissory note executed by Lyles to one Wittliff, and endorsed in blank by Wittliff. Lyles in due time filed his plea of privilege to be sued in Dallas County. On May 3, 1927, the appearance day of the District Court of Hill County, the plea of privilege was sustained, and the cause transferred to Dallas County, and was docketed in one of the district courts of Dallas County on May 9, 1927. On May 16, 1927, no answer having been filed to the merits, a judgment in favor of relator was rendered in the District Court of Dallas County. Sixty days later, on July 16, 1927, Lyles, joined by respondent J. A. Feagin, filed in the cause a pleading designated by him as a motion for a new trial or a bill of review, in which he set up two particular items of fact, to-wit: (a) He alleged that the amount of the judgment was incorrect, in that recovery was allowed in excess of the amount prayed for; (b) he alleged that the note sued on "was endorsed in blank by the said Mrs. Winnie M. Wittliff and surrendered to one J. A. Feagin, of Fort Worth, Tarrant County, Texas, who advanced moneys thereon, and which said note was attached as a collateral note for the sums so advanced by him; that he, the said Feagin, is the legal and equitable owner and holder of said note, and the only person entitled to sue thereon; that in making renewals of this original advancement and of others thereafter made by the said Feagin to the said Wittliff, the said Wittliff obtained wrongful possession of the note herein sued upon and upon which judgment herein has been granted, all without the knowledge or consent of the said Feagin; by reason whereof said judgment should be rendered null and void and of no force and effect." Said pleading concluded with a prayer as follows:

"That said judgment be set aside and his motion for new trial, or bill of review, granted, to the end that a fair and impartial trial may be had on the facts herein adduced, and to the end that justice may be done."

Relator filed exceptions to the pleading, and joined issue on the facts. A hearing was had by the Honorable Claude M. McCallum, District Judge, one of the respondents, and the following order was made:

"On this 31st day of August, A. D. 1927, came on to be heard the defendants' motion for new trial and/or bill of review. Whereupon came both parties in person and by their respective attorneys, and plaintiff's exceptions to defendants' motion being considered and overruled, and the court after hearing said motion read and the evidence and argument of counsel is of the opinion that same should be sustained as a bill of review, and that the judgment of the plaintiff against the defendant, heretofore rendered on the 16th day of May, A. D. 1927, and as entered in Vol. 32–541, of the Minutes of the Court, should be set aside and held for naught. It is therefore ordered, adjudged, and decreed that said bill of review be and it is hereby granted, and said judgment above referred to is hereby set aside and held for naught."

Relator Wear brought this suit in the Supreme Court, in which he alleges that said pleading of respondent Lyles is insufficient as a bill of review; that at most it is only a motion for a new trial, and as such it was filed too late, as the judgment had become final under the operation of law. He seeks a mandamus to require the district judge to set aside the order of August 31, 1927, and to enter one overruling said "motion."

We will first dispose of a major proposition of respondents that the judgment by default complained of herein was set aside by the court *during the same term of court* in which said judgment was rendered, and that respondent Claude M. McCallum, as judge of said court, "was vested with the discretion and inherent power to set aside said judgment."

That a trial court has control over his judgments until they become final judgments by operation of law, either by the termination of the term of court at which they are entered or by other statutory provision, may be admitted. The district courts of Dallas County, however, as well as those of certain other counties in Texas, as to when judgments entered by them shall become final are controlled by Article 2092, Section 30, R. S. 1925. The validity of

this Article, and particularly its application to the question of when judgments affected by it become final, was upheld in the case of Pierce v. Watkins, 114 Texas, 153, 263 S. W., 905. In that case the Court said:

"Under the provisions of Chapter 105 a motion for new trial filed more than thirty days after the entry of a judgment would be as one filed after the term of court had expired. The only remedy would ·be, as in similar cases and as provided by said Chapter, by a bill of review.

* * * . * * *

. "The law is a valid exercise of legislative authority and well designed to have a wholesome effect upon the dispatch and finality of litigation in the courts in our congested centers. Legislative prerogative has always extended to fixing the time when judgments become final and the time when the necessary steps in the procedure must be taken.

"While the Act is a departure from the former regulations respecting motions for new trial, when the judgment becomes final, and other matters of procedure, yet its terms are reasonable and generous. Instead of two days, as heretofore allowed, ten days are allowed in which a motion for new trial may be filed. It may be amended within twenty days after it is filed. The judgment does not become final until after the expiration of thirty days from the date of the judgment, or after a motion for new trial was overruled, at which time the term of court is at an end as far as the immediate case is concerned."

The respondent Lyles, joined by respondent Feagin, prayed that "said judgment be set aside and his motion for new trial or bill of review granted," etc. The district judge denominates their pleading a bill of review, but acted upon it and treated it as a motion for a new trial. In other words, instead of proceeding to a hearing and determination of the merits of the whole controversy, and the rendition of a final judgment in the case, as is the function and purpose of a bill of review, he simply granted a new trial. He entered his order that the judgment theretofore rendered in the case be vacated and held for naught, and the case was reinstated on the docket for trial in the future as in other cases of new trial. For the purpose of granting a new trial his order was void, as the judgment had become final under the law.

The pleading of respondent Lyles, joined by Feagin, was insufficient as a bill of review.

Respondent Lyles sought a review or a new trial of a final judgment in a case in which he had been duly served and had failed to make answer. He knew his plea of privilege had been sustained and the cause transferred from the District Court of Hill County to the District Court of Dallas County. Undisputed facts disclose also that he personally was negligent in not discovering that judgment had been entered against him immediately after it was entered, or within three or four days after it was entered. No motion for new trial was filed within the ten days provided in the statute, nor within the thirty days the trial court had control over his judgments. Sixty days after the judgment against him was entered, and thirty days after it had become final under the law, Lyles filed the pleading here under consideration, setting up matters of defense as to relator's ownership of the note sued on. As disclosed by respondent Lyle's pleading, relator Wear, in his original petition in the District Court, alleged that he was "the legal and equitable owner and holder of same (the note) and entitled to sue thereon and obtain a judgment," and further, that he set out the facts upon which said claim was based. Respondent Lyles asserts that his pleading puts in issue the title of relator Wear in said note. He does not allege that relator was not a holder in due course of the note, and does not deny that relator acquired the note for a consideration and before its maturity. He alleges that if this default judgment be permitted to stand, it will be no defense to any claim Feagin may have against him on Feagin's claim to said note. If his plea is sufficient to set up an equitable defense against relator's suit on the note, of which we have grave doubt, yet this is a matter he should have protected himself against in the suit by seasonably answering to the merits. A failure to answer, caused by negligence on his part or that of his attorneys, cannot form the basis of a bill of review of matters which he had full opportunity to plead before judgment. He cannot now complain. As to Feagin, he was not a party to the suit, and, as stated by respondent Lyles, is not concluded by the suit of Wear against Lyles. A judgment by default in a trial court must be respected and upheld when there was no fraud or mistake in its procurement, and when fair and ample opportunity was afforded the defendant to controvert and contest on their merits the allegations of the plaintiff. This pleading of respondent Lyles, joined in by Feagin, goes no further than to seek to reopen and to relitigate the issues tendered by plaintiff's petition in the case, and as a bill of review is wholly insufficient. The writ of mandamus is granted as prayed for by relator.