## MORRIS v. NATIONAL CASH REGISTER CO.

### No. 10898.

Court of Civil Appeals of Texas. Dallas.
Nov. 21, 1931.

Rehearing Denied Dec. 19, 1931.

A. H. Mount, of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

LOONEY, J.

National Cash Register Company, a corporation, sued M. Morris on a promissory note and to foreclose the lien of a chattel mortgage on three cash registers. Defendant answered by a general denial and specially pleaded a payment of $100, also claimed an agreed credit of $200, and an offset of $100, because of defects in one of the cash registers for which the note was given. The case was dismissed for want of prosecution February 28, 1930, but the following day, on verbal motion of plaintiff (no written motion is found in the record), the court set aside the judgment and reinstated the cause. On April 26, 1930, the cause was tried in the absence of defendant, and resulted in judgment against him in favor of plaintiff for $473.63, with foreclosure of the mortgage lien on the cash registers. During the same term of court defendant filed a sworn motion to vacate the judgment, in which he alleged, as an excuse for being absent the day of trial, that neither he nor his attorney had knowledge or notice of the motion to set aside the order of dismissal or that the case had been reinstated and subsequently tried, until May 21, 1930, when the sheriff confronted him with an order of sale and execution issued on the judgment; also, that he had meritorious defenses to the suit, to wit, the defensive matters set up in special pleas in his original answer. Nothing in the record indicates that defendant's motion was contested by plaintiff, or that any evidence, other than the sworn allegations of the motion, was heard or considered by the court. The motion was overruled; defendant excepted and perfected appeal.

Defendant contends that his motion to vacate the judgment contained all essential requisites entitling him to the relief sought, that is, an excuse for being absent from the trial of the case, also meritorious defenses to plaintiff's cause of action, and further contended that plaintiff would not be materially prejudiced by granting the motion.

We think defendant's motion was sufficient. Having shown that neither he nor his attorney had actual notice of the reinstatement of the case, nor of its subsequent trial and the rendition of judgment, the question remains, was defendant visited with statutory notice of these proceedings? which, in our opinion, should be answered in the negative. Article 2291, R. C. S. 1925, provides that: "The clerk shall keep a motion docket in which he shall enter every motion filed in his court, the names of the parties and their attorneys, a brief statement of its nature, and the number of the suit in which it is made if it relates to a suit pending. * * * Notice of a motion in a suit pending is given by filing the motion and its entry in the motion docket during the term. * * *" While we do not deem it necessary to determine whether, after dismissal and before reinstatement, the case had the status of "a suit pending" within the meaning of the statute, yet we are inclined to the view expressed in Hexter v. Pratt (Tex. Com. App.) 10 S.W.(2d) 692, 694, with reference to a case in this condition, where the court said: "It [the judgment of dismissal] is just what it purports to be, a determination of a lack of dili-

gence in prosecuting the suit for which it is stricken from the docket. It effectually put an end to the particular proceeding, but was entirely ineffectual to determine the merits of the claim therein asserted." However, if we assume, although we do not so decide, that the case, after being dismissed and before its reinstatement, was "a suit pending," within the meaning of the statute, yet, under the circumstances, defendant was not visited with statutory or constructive notice of the proceedings, because no motion to reinstate was ever filed or entered upon the motion docket, and it is only when the statute in this respect is complied with that constructive notice of such a motion is visited upon the adverse party. So in the absence of either actual or constructive notice of the proceedings that resulted in the rendition of judgment against him, we think defendant showed reasonable excuse for his absence; furthermore, he exhibited meritorious defenses to plaintiff's cause of action, and we fail to see how plaintiff could be materially prejudiced by granting defendant a new trial.

The doctrine applicable here was stated in Green v. Cammack (Tex. Civ. App.) 248 S. W. 739, 741, as follows: "Now, what is the rule in this state governing an application to vacate a judgment and grant a new trial where the judgment against the defendant was rendered upon an ex parte hearing? It seems that the rule, as announced by practically an unbroken line of decisions, is that if the application shows some excuse for the defendants' failure to be present at the trial, and further shows a meritorious defense to the plaintiffs' cause of action, it should be granted, unless to do so would materially prejudice the plaintiffs' rights in some way. The appellate courts have been very liberal in applying this rule, and have often reversed trial courts for ignoring it. Dowell v. Winters, 20 Tex. 797; Scottish, etc., Ins. Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109; Sevier v. Turner (Tex. Civ. App.) 33 S. W. 294; Springer v. Gillespie (Tex. Civ. App.) 56 S. W. 369; Sedberry v. Jones, 42 Tex. 10; Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915; Pecos, etc., Railway Co. v. Faulkner (Tex. Civ. App.) 118 S. W. 747; Dancy & Co. v. Rosenberg (Tex. Civ. App.) 174 S. W. 831."

█ Plaintiff contends, however, that as no statement of facts accompanied the record, we should indulge the presumption that the facts sustained the action of the court in overruling defendant's motion. In support of this contention, plaintiff cites Murphy v. Moseley, 11 S.W.(2d) 234, decided by this court. This case is not in point; it does not appear how the motion for new trial was supported, that is, whether by affidavits or by evidence heard in open court, but the language quoted from the opinion implies that the motion was contested and that evidence was heard in open court, hence the decision is in harmony with the general doctrine that, where evidence on a motion for a new trial is heard in open court, a statement of the facts should accompany the record on appeal. We are, however, confronted with a different question; the motion in question was supported alone by the affidavit of defendant, and, so far as disclosed by the record, was neither contested nor was evidence heard thereon in open court, hence as no evidence was heard, other than the sworn allegations of the motion, there were no facts to bring up in a statement, and none was required. It is only in instances where motions for new trials are based on grounds specified in article 2234, R. C. S. 1925, such as misconduct of the jury or of the officer in charge, that evidence as to the truth of the grounds alleged, is required to be heard in open court, and cannot be proven by affidavit, as is permitted in all other cases. Dallas, etc., v. Kelley (Tex. Civ. App.) 142 S. W. 1005; San Antonio, etc., Co. v. Wells (Tex. Civ. App.) 146 S. W. 645; Texas, etc., Co. v. Tucker (Tex. Civ. App.) 183 S. W. 1188; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339; Southern, etc., Co. v. Wilson (Tex. Civ. App.) 241 S. W. 636; Robinson v. Shockley (Tex. Civ. App.) 266 S. W. 420, 422, and authorities cited.

██ As the facts alleged in defendant's motion were sworn to by him and not contested, they should have been accepted as true. Durham v. Flannagan, 2 Willson, Civ. Cas. Ct. App. § 22; Thomason v. Mason (Tex. Civ. App.) 141 S. W. 1075, 1076; Green v. Cammack (Tex. Civ. App.) 248 S. W. 741. We think the court erred in refusing to vacate the judgment on the showing made by defendant; it therefore becomes our duty to reverse this holding and render such judgment as should have been rendered, that is, vacating the judgment below, and it is so ordered. The case is remanded for further proceedings.

Reversed and remanded.