**HILL v. LESTER et al.**

No. 13319.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 21, 1936.

Rehearing Denied March 27, 1936.

See, also, 69 S.W.(2d) 474.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellant.

E. Taylor Armstrong and Storey, Sanders & Sherrill, all of Dallas, for appellees.

DUNKLIN, Chief Justice.

W. V. Lester, the Nimrod Oil Company, and the Trico Oil Company instituted this suit in the district court of Dallas county against J. L. Hill in the nature of a bill of review to set aside a judgment theretofore rendered in favor of J. L. Hill against them in a former suit filed by Hill against them in the same court. There was a further prayer for a writ of injunction to restrain the defendant and George B. Hays, sheriff of Rusk county, who was also made a defendant, from selling certain property belonging to plaintiffs in this suit, situated in Rusk county, under an execution issued on said judgment and levied on said property.

The former suit was instituted by J. L. Hill against W. V. Lester, Nimrod Oil Company, and the Trico Oil Company, plaintiffs in this suit, to recover a broker's commission alleged to have been earned by J. L. Hill under contract of employment by those parties to procure for them the

purchase of certain real estate from T. J. Thompson, the owner, situated in Van Zandt county, Tex.

According to plaintiff's allegations in that suit, the defendants purchased the property from Thompson on June 16, 1930, as the result of negotiations initiated by Hill, whose efforts were the procuring cause of the purchase, and the defendants in that case had agreed to pay him a commission of $2,000 for such services, and a recovery was prayed for that amount. That suit was instituted on September 26, 1930, and citation thereon was duly served on the defendants in that case on September 27, 1930. The citation required the defendants to appear before the court on October 27, 1930, to answer plaintiff's petition.

The defendants in that suit filed an answer thereto on October 20, 1930, consisting of a general demurrer and a general denial.

On the trial court's docket appear the following orders:

10/20/30  Def. files orig. answer
11/7/30   Dismissal for want prosecution C/139.
11/29/30  Order Dis. set aside. · Cause reinstated on plaintiff's motion. C/162.
12/6/30   Cont. by agreement C/222.
2/4/31    Cont. by agreement. C/266.
3/13/31   Cont. by pltf.  C/323.
5/6/31    Cont. by pltf.  C/376.
6/17/31   Cont. by pltf.  C/430.
9/16/31   Cont. by pltf.  C/522.
11/4/31   Cont. by pltf.  C/586.
12/16/31  Cont. by pltf.
1/25/32   Passed by pltf.
3/15/32   Cont. by pltf.
5/11/32   Cont. by pltf.
6/21/32   Cont. by pltf.
8/2/32    Cont. by pltf.
10/25/32  Cont. by pltf.
3/14/33   Dismissed want prosecution D/459.
4/12/33   Dis. set aside, reinstated pltf.'s motion D/491.
4/25/33   Passed.
6/13/33   Passed by pltf.
7/31/33   Judgment for plaintiff against defendants for $2,000.00 with interest, 16/248.

The judgment there noted was as follows:

"On this the 31st day of July A. D. 1933, came the plaintiff, J. L. Hill, through his attorney, and the defendants W. V. Lester, Nimrod Oil Company and Trico Oil Company, though being duly cited and having filed a general demurrer and general denial through their counsel, and having been duly notified, came not, and the Court after hearing the evidence and the argument of counsel, is of the opinion that plaintiff should recover from the above named defendants, jointly and severally, for the sum of $2,000.00, with legal interest at six per cent per annum, from September 26, 1930, until paid.

"It is therefore, ordered, adjudged and decreed that there be judgment in favor of the plaintiff, J. L. Hill and against the defendant W. V. Lester, Nimrod Oil Company and Trico Oil Company, jointly and severally in the full sum of $2,000.00 with legal interest at six per cent per annum from September 26, 1930, until paid, with all costs of court.

"It is further ordered, adjudged and decreed that plaintiff have his execution, together with his costs on his behalf expended."

In the present suit plaintiffs alleged certain facts as an equitable showing of right to have that judgment set aside and a new trial of the issues involved in that suit, with allegations of further facts to show a meritorious defense to that former suit. Both of those issues were tried and judgment was rendered in favor of the plaintiffs, setting aside the judgment in the former suit and denying J. L. Hill a recovery for the commissions sued for therein. The defendant J. L. Hill has appealed from that judgment.

The following announcement found in 25 Tex.Jur. § 194, p. 597, is fully supported by numerous decisions of our Supreme Court and Courts of Civil Appeals:

"Bills seeking relief from final judgments solemnly rendered by courts of competent jurisdiction are narrowly watched by courts of equity, and the grounds for their interference are restricted. Something more than that injustice may have been done must be shown. Relief is granted only in the exercise of equity powers and upon a satisfactory showing that the complaining party has been injured by the rendition of the judgment in an action or proceeding where he could not present his claim of defense, as the case may be, either because the court was not competent to hear and pass upon it, or because he

was prevented, without fault or negligence on his part, or on the part of one whose negligence or mistake will be imputed to him, from urging his cause of action or defense by fraud, accident, or the acts of the opposing party, or by uncontrollable circumstances, sufficient to justify the interposition of equity.

■ "That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds. upon which the equity to demand a new trial must rest."

■ By several assignments of error it is insisted that plaintiffs failed to allege facts sufficient to excuse their failure to appear and defend the former suit at the time it was tried, and further to show that they had a meritorious defense to that suit when tested by the rule in equity applicable to suits to set aside former judgments, and that the court erred in overruling the general demurrer and special exceptions presenting those objections to plaintiffs' petition.

In plaintiffs' petition, it is alleged that neither of them, or any of their attorneys, had any notice, knowledge, or information of the rendition of the judgment in the former suit until on or about September 20, 1933, when one of them received through the mail a notice from the sheriff that he would, on November 7, 1933, sell at public outcry all of plaintiffs' interest in and to certain real estate situated in Rusk county, and that immediately after receiving the notice they conferred with their attorney, J. B. McEntire, who had, as their attorney, filed an answer in the former suit, but had moved to Tyler where he was practicing law, and were advised by him that he had never received any notice of the trial of the case or the rendition of the judgment. Thereupon plaintiffs immediately, and on the 21st day of September, 1933, employed R. G. Storey, another attorney practicing law in Dallas, who filed this suit for them on September 25, 1933, which was the earliest time that the papers could be prepared.

According to further allegations in the petition, neither the plaintiffs nor any of their attorneys were ever notified that the cause was set for trial on the 31st day of July, 1933, which was the date of the judgment, and had no knowledge of such setting.

Plaintiff Lester read a notice in a newspaper during March, 1933, that said former suit had been dismissed for want of prosecution; and neither he nor any of his codefendants in said original cause ever had any further notice that the cause was reinstated on the court's docket. It was further alleged that the purported reinstatement was illegal, invalid, and void, because no notice was ever given to the defendants in that case, or to any of their attorneys, of such reinstatement, or of the filing of any motion for reinstatement, and no such motion was ever entered on the motion docket so as to give them constructive notice of its filing. Further, that the case had been pending since October 20, 1930, and continued on various occasions by the plaintiff in that suit, and dismissed for want of prosecution upon two occasions as shown by the entries on the court's docket, copied above.

All of the defendants in the former suit resided in Dallas county, Tex., where the suit was pending. The residence and office address of Lester, one of them, was shown in the city directory and the telephone directory of the city of Dallas; and upon the outside of the envelope containing the court papers is shown his telephone number. Lester was also personally known to J. L. Hill, plaintiff in the former suit, and he and his attorneys personally knew J. B. McEntire, their attorney of record in the former suit, notwithstanding which they failed to notify him of the setting of the case for trial, as required by the rules of the court.

Plaintiffs further alleged that they had a meritorious defense to the action asserted by plaintiff in the former suit, in this: J. L. Hill, plaintiff in that suit, is not the owner of the entire cause of action as alleged, but the same is owned jointly by him and J. P. Lott and Jack Younger, and a part of the cause of action has been released and settled. Further, the commission for which judgment was sought by Hill in that case was not due and payable until title to the property purchased through the alleged efforts of Hill had been cleared, and the same has not yet been cleared; litigation involving such title being still pending.

According to further allegations, plaintiffs have exercised reasonable care and diligence in the premises and have been prevented from making said defenses by reason of the fraud of Hill and the facts

above related; and for good reason it is believed that a different result will be obtained upon another trial of the case. It was further alleged that the former judgment was invalid because of fraud practiced upon the court in the trial of the case by J. L. Hill, in that he testified upon that trial that he owned the entire cause of action, while in truth he was entitled to only a one-third interest therein, and as an offset to his one-third interest he had collected a commission of $500 from the sellers of the property involved, which fact he did not disclose to the defendants in the former suit when they made the purchase, and, by reason of his bad faith and failure to make such disclosure, the judgment rendered was a fraud practiced upon the court, of which these plaintiffs had no knowledge until after the judgment was rendered.

In view of the allegations above recited, we have reached the conclusion that the trial court did not err in overruling the general demurrer and special exceptions addressed to the plaintiffs' petition.

Following are special issues submitted to the jury with their findings thereon:

"1. Do you find and believe from a preponderance of the evidence that J. L. Hill, plaintiff in the original suit, testified in the trial of the case on July 31, 1933, that he was the owner of the entire cause of action for $2,000.00 commission in question? Answer: Yes.

"2. Do you find and believe from a preponderance of the evidence that such testimony of J. L. Hill, inquired about in the preceding interrogatory, was false? Answer: Yes.

"3. From a preponderance of the evidence, what interest do you find that J. L. Hill owned in the claim for commission involved herein? Answer: One-Third (1/3)

"4. Do you find and believe from a preponderance of the evidence that J. L. Hill, the original plaintiff, represented to J. P. Lott and W. V. Lester, prior to the agreement on the part of Lester to purchase the property involved that he, Hill, was not obtaining any consideration or payment from the seller? Answer: Yes.

"5. Do you find and believe from a preponderance of the evidence that the commission involved herein was not due and payable until the title to the property involved had been cleared and accepted by the original defendants, W. V. Lester et al.? Answer: Yes.

"6. Do you find and believe from a preponderance of the evidence that the original transaction has not been consummated and the total consideration agreed upon paid by the purchaser to the seller? Answer: Yes.

"7. Do you find and believe from a preponderance of the evidence that the defendants, W. V. Lester, Nimrod Oil Company and the Trico Oil Company, or either of them, or their counsel, in said cause No. 89198–D, entitled J. L. Hill vs. W. V. Lester et al., in the 95th District Court of Dallas County, Texas, used due diligence in preventing the taking of the judgment in favor of J. L. Hill, plaintiff in said cause, for the sum of $2,000.00, dated July 31, 1933? Answer: Yes.

"8. Do you find and believe from a preponderance of the evidence that the judgment secured by J. L. Hill, plaintiff, against W. V. Lester, Nimrod Oil Company and Trico Oil Company, defendants in cause No. 89198–D, in the 95th Judicial District Court of Dallas County, Texas, for the sum of $2000.00, dated July 31, 1933, was obtained without any bad faith or misrepresentations on the part of the plaintiff J. L. Hill? Answer: No.

"9. Do you find and believe from a preponderance of the evidence that the plaintiff, J. L. Hill, in cause No. 89198–D, entitled J. L. Hill vs. W. V. Lester et al., in the 95th District Court of Dallas County, Texas, and the defendant in the above entitled cause, was the actual and procuring cause of the sale of the property in question, made by J. L. Thompson to W. V. Lester, Nimrod Oil Company and the Trico Oil Company? Answer: No."

No reversible error is shown in the admission in evidence of all the docket entries made in the former suit, since they were all pertinent to the issue whether or not the defendants in that suit were guilty of negligence in failing to appear and defend the same at the time it was tried. Numerous continuances of the case made at plaintiff's instance all tended to lull the defendants into believing that notice would be given their attorneys of the setting of the case for trial, and the notation made that the suit had been dismissed a second time was calculated to lead the defendants and their attorneys into believing that the same would not be reinstated except on

motion duly filed and docketed, and that they would be served with notice thereof, even though it could be said, which is doubtful, that the court acquired jurisdiction to reinstate and try the case without service on defendants of notice of plaintiff's second motion to reinstate. Nor can appellant complain of the action of the court in allowing the jury to take those docket entries in the jury room, since his counsel agreed that the same might be done if such entries were admissible.

■ Error has been assigned to the court's refusal to submit to the jury the following special issue requested by appellant: "Do you find from the preponderance of the evidence that the judgment secured by J. L. Hill, plaintiff, against W. V. Lester, Nimrod Oil Company and Trico Oil Company, defendants in cause #89198–D, entitled J. L. Hill vs. W. V. Lester et al., in the 95th Judicial District Court of Dallas County, Texas, for the sum of $2000.00, dated July 31st, 1933, was taken and obtained through fraud, accident, or mistake by the plaintiff J. L. Hill, wholly unmixed with any fraud or fault or negligence of the defendants W. V. Lester, Nimrod Oil Company, or either of them, or their counsel."

That assignment is overruled for two reasons: First, because the proper elements of the issue were embraced in special issue No. 7, submitted by the court, and no objection was made to that issue or any other issue when submitted, article 2185, Rev.Civ.Statutes; and second, the requested issue was objectionable, in that it was in the nature of a general charge on the first branch of plaintiff's case, article 2189, Rev.Civ.Statutes; Winters Mut. Aid Ass'n v. Reddin (Tex.Com.App.) 49 S.W.(2d) 1095, and was multifarious, since it embodied several separate material issues of fact and issues of law also.

We conclude further that the findings of the jury and judgment rendered were amply supported by the evidence.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

We do not believe that the conclusions reached by us on original hearing are in conflict with the numerous decisions cited by appellants, with chief stress on Wear v. McCallum, 119 Tex. 473, 33 S.W.(2d)

723, and Maytag Southwestern Co. v. Thornton, 20 S.W.(2d) 383, Court of Civil Appeals (writ of error refused). And, in addition to the numerous decisions cited in support of the rule announced in 25 Tex.Jur. § 194, p. 597, quoted in our original opinion, we believe the following decisions are particularly in point: Morris v. National Cash Register Co., 44 S.W. (2d) 433, by the Dallas Court of Civil Appeals, opinion by Justice Looney (writ dismissed), and other decisions there cited; Dallas Development Co. v. Reagan, 25 S. W.(2d) 240, by the same court, and decisions there cited; Hickman v. Swain (Tex.Civ.App.) 210 S.W. 548, and decisions cited.

■ Nor are we able to concur in the contention that testimony introduced on trial of the case, showing that counsel for plaintiffs in the former suit mailed to counsel for defendants in that suit a letter stating that the case would be called for trial on the day the judgment was rendered, and that the letter was never returned to the writer, was conclusive proof of its receipt, notwithstanding the specific denial of its receipt by the counsel to whom it was addressed.

The motion for rehearing is overruled.