**COTTEN v. STANFORD et al.**
No. 5520.

Court of Civil Appeals of Texas. Amarillo.
Feb. 22, 1943.

490

Vickers & Campbell, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellees.

PITTS, Chief Justice.

Appellant, J. B. Cotten, instituted this suit on July 2, 1942, in the County Court of Yoakum County against appellees, P. G. Stanford, Joe B. Ellison, sheriff, and Ray Lackey, county clerk, in the nature of a bill of review to set aside and cancel a former judgment rendered by said court on September 11, 1941 for appellee, P. G. Stanford, and against appellant. There is a further prayer for a writ of injunction to restrain the appellees, Joe B. Ellison as sheriff and Ray Lackey as county clerk, from issuing further executions on said judgment, that being the only reason the said sheriff and county clerk were made parties to the suit.

The former suit was instituted by appellant the latter part of 1939 against the same appellees Stanford and Ellison as sheriff to restrain them from the sale of property under execution and to cancel still a former judgment rendered by default by the same court on May 17, 1927, for the sum of $472.70 in favor of appellee Stanford and against appellant, alleging as grounds for such cancellation that the last aforesaid judgment was dormant and barred by the statute of limitation. A trial was had before the trial court in the case to cancel the aforesaid former judgment; an appeal was perfected to this court with the case reversed and remanded in accordance with an opinion reported in 147 S.W.2d 930. In the case now before this court appellant alleged the above and foregoing statements as facts and further alleged, in effect, that upon the return of the mandate for a new trial the case was set for a new hearing on June 3, 1941, on which date all parties and their attorneys appeared for trial but agreed then and there with the approval of the trial court to continue the said case pending the outcome of a similar case, namely, Zummo Packing Company v. Cotham, then before the Texas Supreme Court but later decided by said court on October 29, 1941 as reported in 137 Tex. 517, 155 S.W.2d 600; that the law laid down by the Supreme Court in the Zummo-Cotham case is controlling in this case and settles the issues in favor of appellant; that appellee Stanford and his attorney, in violation of said agreement, before the Supreme Court had decided the Zummo-Cotham case, without any previous setting of the case, without any notice to appellant or his attorneys and without the knowledge or consent of appellant or his attorneys, induced the trial court to grant and give appellee Stanford a judgment against appellant on September 11, 1941, when appellant had a meritorious cause of action as well as a good defense against said appellees' cross-action, which is reflected in the opinion of this court reported in 147 S.W.2d 930; that said appellee and his attorney kept such action secret from appellant and his attorney, who live in Gaines County and Lubbock County, respectively, until May 25, 1942; that several terms of court had passed between the date of said judgment and May 25, 1942, when appellant learned of said judgment; and that appellant and his attorney had not been guilty of any negligence. Appellees answered with a general denial, and alleged that all matters between the parties had been properly adjudicated and asked that appellant's cause of action be abated.

On the trial court's docket appears the following notation:

"Appealed to the Court of Civil Appeals and Reversed and Remanded Feb. 3, 1941—Reset for trial June 3, 1941—Case

was called and continued until further notified—

"/s/ G. P. Beane, Judge."

Appellant and his attorney, W. W. Campbell, both testified, in effect, that on June 3, 1941, they and appellee Stanford and his attorney, R. L. Graves, agreed in the county court room of Yoakum County to continue the case pending the outcome of the case of Zummo Packing Company against Cotham then before the Supreme Court; that said agreement had the approval of the trial court; that they had no notice of any setting or the trial of the case on September 11, 1941, and that they knew nothing about the judgment until May 25, 1942. Appellees' attorney, R. L. Graves, testified, in effect, that he had no recollection of any agreement to continue the case until the Zummo-Cotham case was decided and that he did not believe any such agreement was had; he admitted the case had not been previously set for September 11, 1941, and that no notice was given appellant or his attorney about the hearing or about the judgment after it was rendered. Appellee Stanford was a witness at the trial but gave no testimony about the alleged agreement or about any notice of the trial or judgment to opposing parties. The evidence discloses that the term of court at which the judgment in this case was rendered by the trial court had previously convened on the third Monday in August.

The trial court rendered judgment sustaining appellees' "plea of res adjudicata" and "abated plaintiff's cause of action" and denied all relief prayed for by appellant, to which action of the trial court appellant excepted and gave notice of appeal.

Appellant assigns as errors in point No. 1 that the trial court erred in his failure to recognize the rule authorizing one cast in a suit the right to file an independent suit in the same court and, upon a proper showing, the right to have set aside a previous judgment and grant a new trial in the case; in point 2 that the trial court erred in not setting aside his judgment of date September 11, 1941, and granting a new trial because the judgment was granted in violation of an agreement of parties with approval of the trial court and because such was done without a previous setting of the case and in the absence of appellant and his attorney and without notice to them when appellant had

a meritorious cause of action; and in point 3 that judgment should be here reversed and rendered for appellant by this court not only in this case but judgment should be rendered by this court for appellant, Cotten, in the case heard by the trial court on September 11, 1941, because of the law in the cases found in former opinion of this court in 147 S.W.2d 930, and that found in the case of Zummo Packing Company v. Cotham, reported in 137 Tex. 517, 155 S.W.2d 600.

The last point or assignment of error asking this court to render judgment for appellant in the case heard by the trial court on September 11, 1941, is overruled, since it appears that the evidence may not have been fully developed on the hearing by the trial court and since this is an appeal from a hearing had in a new and independent suit in the nature of a bill of review and should be treated in the same manner as a motion for a new trial in the former suit if the application had been made while the court had power to hear a motion for a new trial in said former suit. 17 Tex.Jur. 27, sec. 25.

The following rule found in 25 Tex.Jur. 597, sec. 194, is fully supported by numerous decisions of our Supreme Court and our Courts of Civil Appeals:

"Bills seeking relief from final judgments solemnly rendered by courts of competent jurisdiction are narrowly watched by courts of equity, and the grounds for their interference are restricted. Something more than that injustice may have been done must be shown. Relief is granted only in the exercise of equity powers and upon a satisfactory showing that the complaining party has been injured by the rendition of the judgment in an action or proceeding where he could not present his claim of defense, as the case may be, either because the court was not competent to hear and pass upon it, or because he was prevented, without fault or negligence on his part, or on the part of one whose negligence or mistake will be imputed to him, from urging his cause of action or defense by fraud, accident, or the acts of the opposing party, or by uncontrollable circumstances, sufficient to justify the interposition of equity.

"That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circum-

stances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest."

There was no request for findings of fact and conclusions of law and, therefore, none filed by the trial court. The presumption is by reason of the judgment rendered that the trial court found against appellant on the issue of agreement between the parties to await the final decision of the Supreme Court in the Zummo Packing Company v. Cotham case, which was a matter of fact; but it appears from the trial court's docket that the following notation was made on June 3, 1941, "Case was called and continued until further notice." Such is the last notation made on the trial court's docket and it implies that the parties to the suit would be notified of any setting or new trial of the case; appellant and his attorney testified that no notice was given to either of them and they had no knowledge of the judgment until May 25, 1942, more than eight months after the date of the judgment; appellees' attorney testified that the case had not been previously set and that no notice of the hearing nor of the judgment was given to appellant or his attorney; and there was no further testimony given on the question of notice.

Rule 247 of the Rules of Civil Procedure provides that: "Every suit shall be tried when it is called, unless continued or postponed to a future day of the term or placed at the end of the docket to be called again for trial in its regular order." Since the record discloses that the trial court opened his term on the third Monday in August, 1941, and that no setting was made and no judgment entered until September 11th following, it appears that the above and foregoing rule was not complied with.

Since the case was not set and tried in the regular order and since there was no previous setting of the case and no notice given appellant or his attorney of the trial, we are of the opinion that the trial court abused his discretion in not setting aside and cancelling his judgment of September 11, 1941. Hill v. Lester et al., Tex.Civ.App., 91 S.W.2d 1152, also Id., Tex.Civ.App., 69 S.W.2d 474; Winters Mut. Aid Ass'n Circle No. 2 v. Reddin, Tex.Com.App., 49 S.W.2d 1095; Morris v. National Cash Register Co., Tex.Civ.App., 44 S.W.2d 433; Dallas Development Co. v. Reagan, Tex.Civ.App., 25 S.W.2d 240, and numerous other authorities. Therefore, the judgment is reversed and rendered in this case with instructions that the judgment rendered by the trial court on September 11, 1941 be set aside and cancelled and a new trial granted in that case.