**RICHARDS v. SMITH.**

No. 15236.

Court of Civil Appeals of Texas.
Fort Worth.

April 27, 1951.

Rehearing Denied May 25, 1951.

Grover Hartt, Jr., of Dallas, for appellant.

Burford, Ryburn, Hincks & Ford, and Howard Jensen, all of Dallas, for appellee.

CULVER, Justice.

Appellee, by motion, seeks to have this appeal dismissed. Appellant Richards in his bill of review sued appellee Smith and J. Frank Gragg. The summary judgment, while disposing of the claim against appellee, reserved decision on appellant's claim against the defendant Gragg and therefore appellee says no final judgment has been rendered by the trial court in this cause. We differ with appellee for the reason that in our opinion the cause of action against appellee Smith and Gragg was severable and neither was a necessary par-

ty in a suit brought against the other. Biggins v. Oltmer Iron Works, 7 Cir., 154 F.2d 214.

■ Execution had already issued on the original judgment entered in appellee's favor against appellant and this appeal was properly taken.

Appellee's motion to dismiss is overruled.

This is an appeal from a summary judgment entered in a Dallas County district court wherein appellant, Ben H. Richards, sought by bill of review to set aside a judgment rendered in said court against him on February 13, 1950, which had become final. The trial court found that appellant failed to raise any fact issue which would entitle him to have his action tried on its merits. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016.

In the original case, appellee Smith asserted that Richards listed his home for sale with one Gragg; that Gragg agreed to pay Smith $1,000 out of the commission if Smith would effect a sale of the property; that Richards knew of this agreement between Gragg and Smith and acquiesced therein; that the property was sold through the efforts of Smith and therefore both Gragg and appellant became obligated to Smith in the sum of $1,000. Judgment was thereafter rendered against Gragg and Richards, jointly and severally, in favor of appellee Smith for the sum of $1,000.

Appellant predicates his appeal upon four points: (1) That he was deprived of a jury trial in the original cause without opportunity to object to the denial of this right. (2) Because there was no written contract obligating appellant to pay a commission to appellee. (3) That the original judgment was based on hearsay evidence, and, (4) that a genuine issue of material fact was raised as to whether or not appellant was negligent in not appearing at the trial of the original case.

■ The first three points, we think, at best merely relate to irregularities or errors of law which do not entitle appellant to have the judgment set aside in this equitable proceeding and are overruled. "The

said authorities also hold that a suit in equity to set aside a judgment must challenge the very foundation of the judgment and must not involve a mere revision of the judgment because of errors the trial court may have made on the original trial." Gray v. Moore, Tex.Civ.App., 172 S.W.2d 746, 751, writ refused. It is held in Kelly et ux. v. Wright et al., 144 Tex. 114, 188 S.W.2d 983, 986, "No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking the relief or his counsel." Though not necessary to this decision, it might be pointed out in connection with appellant's point three, that the only support for this is to be found in appellant's affidavit. Obviously the appellant not being present at the trial, he would have had no first hand knowledge of what transpired and his testimony to such effect would not be admissible. Rule 166-A, Rules of Civil Procedure, with reference to the form of affidavits, reads: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■■ A brief resume of the facts will, we believe, suffice to show that no genuine issue of material fact as to appellant's negligence is apparent in the record. After appellant and the defendant, Gragg, had answered in the original cause, appellant's oral deposition was taken by the attorneys representing the appellee. In his affidavit, appellant charges, "When the defendant's deposition was taken in said cause as alleged hereinabove, the attorney for plaintiff J. Leslie Smith, stated that this deposition of defendant would be sufficient for the trial and that defendant (Richards) did not need to be at court." Appellant says this misled him, and caused him to believe that appellee Smith had in effect abandoned any claim against him. The statement was made in the presence of appellant and his-

attorneys. Appellant had the opportunity to consult with them upon what was meant by this statement and failed to do so. We think this would not be sufficient to raise a fact issue. Kansas City Life Insurance Co. v. Warbington, Tex.Civ.App., 113 S.W. 988. Other facts shown, chiefly in appellant's own affidavit, conclusively lead to the belief that appellant did not depend on any statement made by appellee's attorney, but to the contrary, from the beginning to the end, relied solely on his co-defendant, Gragg. In his affidavit, appellant says that as soon as the citation in the original case was served upon him, he immediately sought out the defendant Gragg, and,

"that Defendant Gragg assured plaintiff that he would see his attorneys and would take care of the entire matter immediately; that he would arrange to protect plaintiff and hold him free from any expense as the result of the filing of the suit; that an answer was timely filed in said cause for the plaintiff, a defendant therein, and for defendant J. Frank Gragg, who was also a defendant in that suit; that on or about the 29th day of April, 1949, plaintiff, as defendant in said cause, appeared at the office of the attorneys for Smith where his oral deposition was taken; that at this time plaintiff was told that the case would be tried by a jury; that at sometime during the fall of 1949, the exact date being unknown to plaintiff at this time, he was notified that the attorneys engaged by Gragg to represent them as defendants in said cause, were withdrawing from the case that plaintiff again contacted his co-defendant, J. Frank Gragg, who informed plaintiff that he was securing the services of another attorney to represent them and that in the meantime he was making arrangements to dispose of Smith's claim; that plaintiff believed that the defendant Gragg would again secure the service of an attorney as he had promised to do and as he had done on the prior occasion that in view of the circumstances surrounding the original payment; that since he had paid the commission in full and since his co-defendant, J. Frank Gragg owed him the legal duty as well as the moral obligation to protect him from any expense in having to pay the commission a second time, plaintiff was justified in relying on the representations so made to him by Gragg."

After appellant's deposition had been taken in the original case, his attorneys wrote him on November 15, 1949, as follows:

"The above suit has been set for pretrial on the 7th day of December, A.D. 1949, at 11:00 o'clock A.M. At the time your deposition was taken in the office of the attorneys for plaintiff in the above cause, you advised us you would communicate with us within the next two or three days. By reason of your failure to communicate with us and make arrangements for us to further represent you in the case we are compelled to withdraw and will do so as a matter of record immediately. If you desire to have legal representation in this case you should employ counsel in time to have them represent you at the pretrial above mentioned."

At the pretrial hearing on December 7th, neither Gragg nor appellant were present. Indeed, so far as the record shows, the appellant Richards had no actual notice of the setting on February 13th. It is reasonable to presume, however, that having placed his reliance in his co-defendant Gragg and not having appeared in person or by his attorney on the pretrial setting in December, 1949, he would not have responded to any notice of a subsequent hearing. We think that appellee or his attorneys were under no legal duty in view of the foregoing, to notify appellant of the February setting. Davis v. Cox, Tex.Civ.App., 4 S.W.2d 1008.

Regrettable as it is that, under the circumstances, appellant may be required to pay an obligation twice, such result has been brought about entirely through his own negligence in relying upon his agent Gragg.

Judgment of the trial court is affirmed.

HALL, Justice (dissenting).

The writer respectfully submits the following views and reasons for dissenting from the majority opinion:

1. The trial court by its action in sustaining appellee's motion for summary judgment found as a matter of law that appellant failed to establish a fact issue.

2. There is no question but that appellant established a fact issue as to whether he had a meritorious defense to the original suit.

3. One of the few grounds for setting a final judgment aside is that the movant must prove he was prevented from making a valid defense to the original cause of action by extrinsic fraud, accident or wrongful act of the opposite party, unmixed with any fault or negligence on his part. Garcia v. Ramos, Tex.Civ.App., 208 S.W.2d 111, writ refused.

The writer believes the following taken from appellant's verified pleading, brought forward in his fourth point, raises, in his mind, an issue of fact under the law as to whether appellant was unlawfully misled by the opposing party: "Plaintiff would further show unto the court that as a defendant in Cause No. 23251-FA he was led to believe and understand that it would not be necessary for him to attend court after his deposition was taken; that on or about the 29th day of April, 1949, when the plaintiff's deposition was taken in said cause as alleged hereinabove, the attorney for defendant J. Leslie Smith stated that this deposition of plaintiff would be sufficient for the trial and that plaintiff did not need to be at court; that plaintiff, knowing that he had fully paid the commission that he had promised to Gragg and having just shown the check by which that payment was made to the attorney for defendant Smith, reasonably and without any negligence on his part interpreted the statement by said attorney to mean that plaintiff would not have to further defend the suit when it was called for a jury trial at some future date, and that the defendant Smith would only prosecute said suit against defendant Gragg who admits the indebtedness to Smith."

In the writer's opinion, appellant should have the questions presented to a trier of the facts, first, as to whether or not he had a meritorious defense to the original law suit; and, second, taking all facts under consideration, as to whether the above sworn statement to the effect that appellee's attorney told him his deposition would be sufficient for the trial and he need not appear in court was of such a nature as to prevent him or a prudent person of ordinary care from appearing in court and defending the law suit.

The writer recognizes the rigid rule of law imposed upon a party undertaking to set aside a final judgment, but when a fact issue is raised, even though apparently mixed with contradictory remarks, sworn to while advancing other defenses, same should be submitted to the trier of facts as readily as is done in all other civil cases.

4. It is undisputed that neither appellant nor anyone representing him was notified of the setting for February 13 when judgment was rendered. The writer is unable to find in the record where the case was set for February 13, 1950. The majority opinion does reveal "Indeed, so far as the record shows, the appellant Richards had no actual notice of the setting on February 13th. It is reasonable to presume, however, that having placed his reliance in his co-defendant Gragg and not having appeared in person or by his attorney on the pretrial setting in December, 1949, he would not have responded to any notice of a subsequent hearing." The writer further disagrees with the presumption indulged in the last quoted sentence of the majority opinion. A portion of appellant's affidavit pertaining thereto is at follows: "Plaintiff would show unto the court that he had no notice, knowledge, or information of any kind whatsoever that Cause No. 23251-FA was to be called for trial on February 13, 1950; that if plaintiff had received any notice, or had in any way gained knowledge that this case was coming for trial on that day or any other day that he would have personally attended court and retained attorneys so that he could have presented evidence to the jury to sustain favorable findings on the defenses alleged in the foregoing paragraph; * * *."

Appellee's reason for not informing appellant of the setting is taken from his

affidavit, as follows: "Smith says that after the firm of Eades & Eades withdrew from said Cause 23251–F, Mr. Lee Smith, an attorney at the Dallas bar, telephoned the attorneys for Smith with reference to said Cause and told said attorneys that Gragg was attempting to raise the money to pay Smith the commission which was claimed by Smith in said cause. Thereafter said attorney informed the attorneys for Smith that Gragg had been unable to raise the money and that he did not oppose the taking of judgment in the case. Smith's attorneys *reasonably believed* that said attorney was acting on behalf of both Gragg and *Richards* and that, therefore, there existed *no need or reason for Smith's attorneys to notify Richards or Gragg personally that said cause would be tried or that judgment would be taken.* Furthermore, the allegations in Richards' amended petition show as a matter of law that Richards made his co-defendant Gragg his agent for the employment of attorneys and he is, therefore, bound by the actions of Gragg in employing Mr. Lee Smith, if Gragg did so employ him, to represent the defendants in said cause."

Be that as it may, the record is silent as to the case having been set for trial according to law. See Rules 245 and 247, Texas Rules of Civil Procedure.

The trial court's judgment in the original suit recites that appellant's attorneys had withdrawn from the case by its permission. This was sufficient to place the court on notice that appellant had no attorney of record. Said judgment also recites that the defendants were notified of the setting for February 13, when judgment was entered. While in most instances the courts will not go behind such recitations in a judgment, yet since the record in this case is undisputed by appellee that neither appellant nor anyone representing him was given actual notice, the writer feels that the recitation in the judgment is based upon some statement made to it by defendants' attorney, as is set out in his brief, to the effect that since appellant was notified of the pre-trial, he therefore should have known of the setting. There is nothing in the record to indicate that even the pre-trial was actually had on the date set out in the letter to appellant by his former attorneys. There is certainly nothing in the record to indicate at that time, if the pre-trial was had, that the setting was made on that day for February 13, 1950. Said judgment does not state that the case had been previously set for said date.

It is the writer's thought that since the record does not reveal the case was set and tried in the regular order and since there was no previous setting of the case and no notice given appellant or anyone purporting to represent him of such setting, the trial court abused its discretion in not setting aside and cancelling its judgment of February 13, 1950. See Cotten v. Stanford, Tex.Civ.App., 169 S.W.2d 489. The least that can be said is that the motion for summary judgment should have been overruled and the case submitted to a trier of the facts according to the rules announced in the Garcia case, supra, and in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

5. A jury fee in this case had been paid by plaintiff and appellant, having filed his answer, had the right to assume that the case would be tried before a jury; he had no opportunity to avail himself of Rule 220, T.R.C.P., since he was not notified of the setting.

6. A photostatic copy of appellant's check to J. F. Gragg in the sum of $1325, which he paid Gragg as commissions for selling his house, is shown on page 26 of the transcript.

7. It is undisputed also that appellant had on file an answer setting up, among other defenses, the provisions of Article 6573a Vernon's Ann.Civ.St., which defense, if presented against appellee's cause of action, would be fatal to same and therefore the only way appellee could recover judgment against appellant was by the method used, to-wit, a snap judgment. Appellee admits that he had no written contract with appellant to recover commissions for the sale of real estate, but he undertakes to collect the same by the indirect method indicated even though he is prohibited from a recovery directly.

There was a written contract between appellant and Gragg but same was unenforceable under the ruling in the case of Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742, because it did not provide for a stipulated amount to be paid for commissions; therefore, even if appellee's contentions are correct, he still could not collect through an oral assignment from Gragg.

8. Appellee submits in his brief that his summary judgment is supported by the holding of our Supreme Court in the case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996. To this the writer disagrees because the facts in the Hagedorn case are distinguishable from the facts in this case in the following: First, appellant in this case filed an answer setting up a complete and absolute defense to appellee's cause of action, evidencing his intention to legally prosecute the suit, while in the Hagedorn case the judgment was one of default. Second, one of appellant's allegations upon which he relies to set the judgment aside in the present cause of action is based upon fraud or wrongful act of the opposite party. Such fact issue is set out in the Hagedorn case as one of the few allegations that may be urged in setting aside a final judgment, wherein Hagedorn was merely misled by a statement of a third party.

Under all attending circumstances, the writer believes the majority holding is to the effect that the courts are not sufficiently flexible to prevent a party, such as appellant in this case, from sustaining irreparable injuries without having his day in court.

The trial court has stayed execution until a final disposition of this case by temporary restraining orders, which in the writer's opinion, should be continued until the case is tried on its merits.

While a summary judgment may be entered in only those cases where no fact issue is to be determined, yet, if there is any doubt as to whether same should be entered, such doubt should be resolved against the motion.